STATE OF IOWA, appellee, v. HAROLD JOHN ROURICK, also known as "Jack" Rourick, appellant.

No. 48259.

(Reported in 60 N.W.2d 529)

OCTOBER 20, 1953.

Dalton & Dalton, of Atlantic, and Hobart E. Newton, of Stuart, both for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, R. Y. Taylor, Guthrie County Attorney, of Guthrie Center, and Carl Smedal, Assistant County Attorney, of Ames, all for appellee.

SMITH, J.—The indictment, returned March 13, 1952, charged defendant with the crime of "larceny of domesticated and restrained animals, to wit: cattle * * * the property of one Kenneth Charter, contrary to and in violation of section 709.8 of the 1950 Code of Iowa * * *." The date was alleged as "on or about December 31, 1951."

There was a change of venue from Guthrie County and the trial commenced in Madison County on May 26, 1952.

The testimony reveals that during the evening or night of December 31, 1951, three head of cattle were stolen from the Charter farm in Guthrie County. The theft was discovered the next morning. Tire tracks were observed in the snow and testimony was introduced tending to identify them as having been made by defendant's truck. The stolen cattle were recovered later, having been sold by defendant, two at Clarinda and the other at Greenfield.

The errors urged on appeal all pertain to rulings on "alibi" testimony offered by the defense to show that both defendant and his truck were at home the evening or night the theft was perpetrated. Evidence as to the whereabouts of the truck was admitted, after being first excluded. But the court sustained objections to testimony of third parties as to defendant being at home on that night.

Section 777.18, Iowa Code, 1950, provides: "Where the defendant * * * proposes to show * * * that he relies on an

alibi or that he was at some other place at the time of the alleged commission of the offense charged, he shall, at the time he pleads or at any time thereafter, *not later than four days before trial,* file a written notice of this purpose, setting forth the names of the witnesses, together with the address and occupation of each, and a statement of the substance of that which the defendant expects to prove by the testimony of each of said witnesses. If the defendant files said notice *less than four days before the case is set for trial,* the state, on motion of the county attorney, shall be entitled to a continuance of said cause for not to exceed four days." (Emphasis supplied.)

No such notice was filed by defendant at the time he pleaded or at any time thereafter *before* trial. After the State presented its testimony and rested, defendant tendered several witnesses to testify that defendant had been at home the evening of December 31, 1951, until January 1, 1952. The trial court sustained objections to this line of testimony for that no notice had been given pursuant to said Code section 777.18.

Thereupon defendant (May 29) filed notice of his purpose "to rely on the defense of alibi" and "that he was at another place other than the place the alleged crime was committed at the time same was alleged to have been committed", giving names, addresses and occupation of the witnesses by whom he expected to prove such defense.

The State immediately filed resistance and moved to strike the notice as not timely given and as not meeting the "statutory requirement as to manner, form nor substance."

In the meantime defendant orally moved "that a continuance be granted * * * until four days have elapsed from the filing of said notice" and added: "It further appearing at this time that the Court has indicated that after the court session of this afternoon * * * the trial of this cause will be continued until 9:00 o'clock on the 3rd day of June and that on account thereof there will be no delay in the trial * * * and the rights of the State will not in any manner be prejudiced and that the granting of said motion will meet the ends of substantial justice and further protect the rights of the defendant in this cause."

The trial court sustained the State's resistance and denied defendant's motion for continuance. However the same day

(May 29) court did adjourn until June 3. Thereafter the jury, on June 4, brought in a verdict of guilty. Later a motion for new trial was overruled and judgment was entered on the verdict.

The rulings complained of in effect announced two propositions: (1) That in the absence of notice under Code section 777.18, the defense of alibi or that defendant was elsewhere when the crime was committed may not be relied on and evidence thereof is inadmissible; and (2) that the notice must be filed *before* trial. The statute originated in 1941 (Acts 49th G.A., Ch. 314, §1) and has not been heretofore construed.

I. We start with the proposition that alibi is essentially an affirmative defense. State v. McCumber, 202 Iowa 1382, 212 N.W. 137; State v. Wagner, 207 Iowa 224, 222 N.W. 407, 61 A. L. R. 882. Whether technically so classifiable we need not determine here. See 20 Am. Jur., Evidence, section 1263; 15 Am. Jur., Criminal Law, section 315; 22 C. J. S., Criminal Law, section 40. And while our statutes provide for no pleading by defendant except demurrer or plea (Code section 777.1); and while they expressly permit but three forms of plea (guilty, not guilty and former judgment of conviction or acquittal, Code section 777.11); nevertheless the notice required by section 777.18 is in the nature of a special plea in that it is required before the special issue or defense of alibi can be raised.

Defendant argues the question of admissibility of the evidence as one of a "penalty" for noncompliance, not provided by the statute. Cases from Ohio (State v. Thayer, 124 Ohio St. 1, 176 N.E. 656, 75 A. L. R. 48, and State v. Nooks, 123 Ohio St. 190, 174 N.E. 743, cited by the State) are distinguished by pointing out that the Ohio statute (section 13444-20, Ohio General Code) expressly provides "the court may, in its discretion, exclude evidence offered by the defendant for the purpose of proving such alibi", while our statute does not contain that provision.

We do not deem the question as one of "penalty" in the sense of a prescribed punishment for failure to comply with the statutory requirement. It is rather a question of the materiality of the evidence upon an issue not permitted to be raised when the statute requiring notice has not been complied

with. In the absence of the notice the State need not meet the issue. It follows that absence of an express statutory denial of the right to present testimony is not necessarily determinative of the question of admissibility. Without the required notice the issue (of alibi) is not in the case. No statutory provision excluding the testimony is necessary. The general exclusionary rules of evidence are applicable. The language of the statute, while not expressly mentioning the words "testimony" or "evidence", does provide that if defendant proposes to rely on (that is, offer proof of) the defense, he *shall* file the notice. That seems sufficiently clear to require exclusion of the evidence if the notice has not been given.

II. We also think the language of the statute clearly means the notice must be filed before commencement of the trial: "He shall * * *, not later than four days before trial, file a written notice * * *." The meaning is clear to that point. The notice must be filed *not later than four days before trial.* However, if it is filed *"less than four days before the case is set for trial"* the State may have a continuance. This quoted language of the exception is not the equivalent of *"later* than four days before trial." That might be *after* the trial commenced. But while "less than four days before the case is set for trial" is a time closer to the commencement of the trial, still it is a time *before* not *after.*

That seems to have been the thought of the presiding judge who also pointed out the difference in language between the general provision and the exception, that is, between "not later than four days *before trial"* and "less than four days *before the case is set for trial."*

That difference adds weight to the interpretation which holds the notice must in any event be filed before trial commences. Furthermore, while the word "continuance" may sometimes mean an adjournment or recess of a trial already in progress, we think its more common meaning, and its meaning here, is the postponement to a later date of the *commencement* of trial. The language of the exception surely does not permit filing of the notice and an interruption of the trial *after* it has commenced.

III. Defendant's brief lists among errors relied on for

reversal rulings preventing witnesses Dorothy Rourick, defendant's sister, and Darlene Rourick, his wife, from giving testimony as to the whereabouts of defendant's truck on December 31, 1951, and the morning of January 1, 1952. References cited to pages of the abstract are made to sustain these assignments.

However, the State's Denial of and Amendment to Abstract shows the trial court "first sustained objections to the truck being there overnight on the basis that that was bordering on an alibi and then changed his ruling." We quote the language of the trial court in passing on the motion for new trial.

We have checked the abstract and amendment thereto and find the court's statement essentially correct. At least three of defendant's witnesses as well as defendant himself were permitted to be examined as to the whereabouts of the truck at the time in question.

Whatever error there was in the original rulings was thereby completely cured. As to one of the witnesses the court announced: "The court is of the opinion he was wrong in sustaining the objection to the testimony of Frank Rourick about the truck in view of the last two witnesses." Frank was then recalled and was permitted to testify on the subject, as were both Nancy, Frank's wife, and Dorothy Rourick.

The rule that exclusion of evidence, even if erroneous, is without prejudice where the same or substantially the same evidence is admitted at some stage of the trial (24 C. J. S., Criminal Law, section 1918c) finds its most frequent application where such evidence is elicited from the same witness. Id., notes 4, 5 and 6, pages 1003, 1004. State v. Huston, 187 Iowa 1000, 1003, 174 N.W. 641; State v. Bading, 236 Iowa 468, 478, 17 N.W.2d 804.

The evidence admitted here was as broad and comprehensive as that excluded. We conclude there is no merit in any of the assignments of error and the judgment is accordingly affirmed.— Affirmed.

OLIVER, BLISS, GARFIELD, MULRONEY, WENNERSTRUM, and THOMPSON, JJ., concur.

LARSON, J., takes no part.