STATE OF IOWA, appellee, v. GEORGE LEONARD WHITNEY, appellant.

No. 48834.

(Reported in 76 N.W.2d 890)

MAY 9, 1956.

Verne Lawyer and Robert D. Ray, both of Des Moines, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and J. P. Denato, Assistant County Attorney, for appellee.

OLIVER, J.—Defendant pleaded not guilty to an indictment which charged him with operating a motor vehicle while intoxicated, third offense. Trial to a jury resulted in his conviction and this appeal.

Highway patrolman Leonard testified that: January 13, 1955, defendant drove an automobile in Des Moines at an unlawful speed and crowded approaching cars by angling it to the left side of the street; when arrested, defendant was unsteady, his clothes were "mussy", his eyes bloodshot and his face slightly flushed; his breath smelled of liquor; he was unable to perform the heel-toe test by walking in a straight line; he stated he had drunk about six glasses of beer, "In my opinion he was very drunk." Other witnesses testified a blood test, consented to by defendant, showed 234 milligrams of alcohol per 100 cc of blood, and that 150 milligrams is the standard accepted as defining intoxication. Defendant testified he had been a taxicab driver since September 1954, and the work was very light, that he worked the night before his arrest, had no sleep for twenty-four

hours, was tired and weak from loss of sleep, had consumed six bottles of beer during the day, and when arrested about 4 p.m. was taking an intoxicated man, with whom he had been drinking beer in taverns, to Mary's place, but was not intoxicated.

I. Defendant testified also he was an automobile mechanic but had closed his repair shop May 11, 1954. He was then asked, upon direct examination: "Q. What was the reason you closed it? (Objected to as irrelevant. Sustained.) Q. And what time did you stop operating your shop? (Objection—sustained.)" Counsel for defendant then stated it was part of the history of the defendant and his previous condition should be relevant. "The Court: Objection sustained. He has already answered that he quit May 11." "Q. * * * did you begin to drive a cab from choice of employment? (Objection: Sustained.)"

Defendant predicates error upon these rulings, his contention now being the evidence was offered to establish that his appearance was due to poor health rather than intoxication. However, he was permitted to testify his weight had decreased thirty pounds in the last year and that he was then under the care of Doctor Kelsey. A witness for the State testified an investigation disclosed defendant was under the care of Doctor Kelsey and had been confined in a hospital, the last time, for a few days in October.

The questions objected to did not refer to his appearance or his physical condition. Nor do his reasons for closing his shop, some months previously, and later securing employment as a taxicab driver, appear to have any bearing upon the issue of his intoxication January 13, 1955, at about 4 p.m. Upon the showing made it is clear the trial court did not abuse its discretion in sustaining the objections to the attempted excursion into a foreign field.

II. The other assigned error is based upon "what transpired in the city jail", after the blood test. Defendant's narrative testimony on this proposition was twice interrupted by the rulings sustaining objections. However, no part of it was stricken and he was permitted to complete it. His story was that an officer at the jail suggested to the highway patrolman that defendant be given another test for intoxication and proceeded to make it.

·Whether the rulings sustaining the objections were erroneous need not be determined. The exclusion of evidence, even though erroneous, is without prejudice where the same or substantially the same evidence is admitted at some stage of the trial. State v. Rourick, 245 Iowa 319, 325, 60 N.W.2d 529, 532, and citations; 24 C. J. S., Criminal Law, section 1918c.—Affirmed.

All JUSTICES concur.