STATE of Iowa, Appellee,

v.

**Clifford George FREEMAN, Appellant.**

**No. 60245.**

Supreme Court of Iowa.

June 28, 1978.

Oscar E. Jones, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Dan L. Johnston, County Atty., for appellee.

HARRIS, Justice.

Defendant appeals his conviction of shoplifting in violation of § 709.20, The Code, 1975. His sole assignment of error on appeal complains of the trial court's refusal to submit his requested instructions concerning mistake of fact as a defense. We reverse the trial court and remand the case for a new trial.

Clifford George Freeman (defendant) and his girlfriend Vicki entered a retail store in Des Moines. Defendant maintains he gave

his girlfriend $180 to pay for a stereo which she was to select. According to defendant's story he was not feeling well and attempted to hurry Vicki into selecting the stereo she wanted.

The stereo Vicki chose was priced $199. Defendant testified that, after placing the stereo equipment in a cart, Vicki started toward the back of the store to pay for it. One of Vicki's daughters approached them and said Vicki's baby was sick. Defendant maintains he told Vicki to pay for the stereo while he put Vicki's other children in the truck. Defendant then took the cart with the stereo equipment from the store to the parking lot where his truck was parked.

Security people had been watching defendant during this time and followed him to the parking lot. The officers asked defendant if he had a receipt for the stereo. Defendant replied that his girlfriend had the receipt because she was the one who had paid for it.

Vicki's testimony corroborated that of defendant. There was also medical testimony that defendant was taking medicine which could cause dizziness and grogginess. Further testimony indicated defendant had been working a late shift which might make him tired.

At trial defendant proposed two instructions as follows:

"Proposed instruction no. 1. An act committed or an omission made under ignorance or mistake of fact which disproves criminal intent is not a crime.

"Proposed instruction no. 2. At the time of the taking of property, there must exist in the mind of the perpetrator the specific intent to deprive the owner permanently of his property without paying for it."

In denying these requested instructions the court indicated the concept was adequately covered in a standard instruction which instructed on the question of intent. The trial court's intent instruction was patterned after Iowa Standard Jury Instruction 518.4:

"Where intent is an essential element of any of the offenses charged, it must be proved beyond a reasonable doubt. The intent with which an act is done is a purpose or mental condition seldom capable of proof by positive or direct evidence. Such intent, if any, may be arrived at by such just and reasonable inferences and deductions from the facts and circumstances proved by the evidence as the guarded judgment of a candid and cautious person would ordinarily draw therefrom. The law warrants an inference that when a person intentionally commits an act, he intends the natural results or consequences to follow which ordinarily do follow such acts."

■ I. Although our research has disclosed no Iowa case on the point it seems well established that ignorance or mistake of fact, if reasonable and not due to carelessness or negligence, is a defense to a crime of intent. Perkins, On Criminal Law, (Second Ed. 1969) pp. 939–943. See generally 22 C.J.S. Criminal Law § 47, pp. 182–183; 21 Am.Jur.2d, Criminal Law, § 93, pp. 173–175.

■ We note defendant's requested instructions did not properly summarize the mistake of fact defense. The authorities cited make it clear that, for a mistake of fact to form a defense, the mistake must be reasonable and the act to be justified must be taken under a bona fide mistaken belief. The requested instructions omitted these restrictions. Nevertheless we think it is clear the requested instructions were adequate to alert the trial court to the point of law defendant wished to have the jury informed upon. Thus error was preserved notwithstanding the deficiency of the form of defendant's requested instruction. *State v. Templeton*, 258 N.W.2d 380, 382 (Iowa 1977).

■ The question becomes whether the concept of mistake of fact as a defense was, as the trial court indicated, adequately covered in the trial court's instruction no. 6. There is no error in denying an instruction where the substance of the requested instruction is included in other instructions. *State v. Seehan*, 258 N.W.2d 374, 379 (Iowa 1977); *State v. Tensley*, 249 N.W.2d 659,

662 (Iowa 1977); *State v. Robinette*, 216 N.W.2d 317, 318 (Iowa 1974).

█ We cannot agree the theory of mistake of fact was adequately explained to the jury by the uniform instruction on intent. It is true a mistake of fact would, under its definition, make it impossible for defendant to form a criminal intent.

█ Mistake of fact nevertheless remains a separate and distinct issue notwithstanding its relation to the State's duty to prove a criminal intent. Mistake of fact was defendant's sole and only theory of defense. It did not vanish merely because it can be stated the mistake could not coexist with a criminal intent. We have said: "Courts have the duty to instruct juries ' * * * on the law applicable to the facts as disclosed by the evidence, and must so instruct if there is evidence admitted which supports some involved issue. * * * .' (Authorities)." *State v. Ritchison*, 223 N.W.2d 207, 211 (Iowa 1974).

We conclude it was error for the trial court to fail to instruct on defendant's theory of mistake of fact.

REVERSED AND REMANDED.

All Justices concur.