STATE of Iowa, Appellee,

v.

Michael M. CHRISTENSEN, Appellant.

No. 66608.

Supreme Court of Iowa.

Aug. 25, 1982.

L. Joseph Price, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., William Davis, Scott County Atty., and Martin Wozniak, Asst. Scott County Atty., for appellee.

SCHULTZ, Justice.

The defendant, Michael M. Christensen, appeals from his convictions of willful injury in violation of section 708.4, The Code, and of assault while participating in a felony (sexual abuse) in violation of section 708.3, The Code. These charges arose from an incident that occurred on October 12, 1980, when the victim, a sixteen-year-old girl from Davenport, Iowa, was severely beaten and threatened with rape and death. Defendant failed to give notice of an alibi defense, but claims that the trial court abused its discretion when it excluded the testimony of an alibi witness offered by the defendant. We find no such abuse and affirm.

In a criminal action a defendant claiming an alibi defense is subject to the requirements of Iowa R.Crim.P. 10(10) (1979), which provides in pertinent part:

>    a. *Alibi*
>
>    (1) *Notice.* A defendant who intends to offer evidence of an alibi defense shall, within the time provided for the making of pretrial motions or at such later time as the court shall direct, file written notice of such intention. . . .
>
>    (2) *Failure to comply.* If either party shall fail to abide by the time periods heretofore described, such party *may not offer evidence on the issue of alibi without leave of court for good cause shown.* In granting leave, the court may impose terms and conditions including a delay or continuance of trial. The right of a defendant to give evidence of alibi in his or her own testimony is not limited by the provisions of this rule.

(Emphasis added).[1]

The defendant claims that the trial court abused its discretion in precluding the testimony of the alibi witness rather than granting a "delay or continuance of trial." The State contends that the defendant failed to show good cause and thus the trial court

---

1. It should be noted that rule 10(10)(a)(2) has been replaced by Iowa R.Crim.P. 10(10)(d), which permits the trial court, for good cause shown, to admit evidence of alibi and other defenses, even though not timely raised.

acted properly in imposing the preclusion sanction. To fully address the good cause and discretion issues, we find it necessary to review the evidence contained in the record and the reason given for the failure to provide notice of the alibi defense.

At the close of the State's evidence, the following facts were established: On the night in question, the victim attended a dance at the Blue Grass Community Hall. Shortly after midnight, she went outside to get some fresh air. She was followed by a man she had never seen before. The man identified himself as "Mike" and after a brief conversation offered her a ride home. She stated that she did not need a ride home but he insisted on giving her a ride anyway. When she attempted to return to the dance floor, the man grabbed her from behind, pulled her over to a car, and threatened her with rape and death. During the struggle that ensued, she suffered serious facial injuries. She finally escaped from his grip, and when the police arrived she gave a description of her assailant and of the automobile. Later, when she was recuperating in the hospital, she identified the defendant from a series of pictures handed her by the investigating officers.

The State's evidence also showed that earlier in the day of the incident the defendant had indicated to other witnesses that he needed sex. Testimony also revealed that the defendant was at the scene of the assault immediately after it occurred. The defendant bore scratches on his body and his clothing was torn. The defendant's automobile matched the description given by the victim. Finally, it was also shown that the defendant made inquiries at the dance concerning the victim.

Defendant testified in his own defense and readily admitted that he was at the dance during the evening in question. He explained that the scratches and torn clothing were caused by a fight earlier in the evening and by his attempt to climb over a chain link fence. He testified that after the fight he returned to the dance but did not see the victim. He claimed that he left the dance at 12:00 or 12:30 a. m. and re-turned to his car which was parked at a different spot than the victim indicated. He stated he did not know how the victim could identify him because it was dark in the area involved. He claimed he went home and arrived there at 1:00 to 1:15 a. m. He gave no details as to his whereabouts between the dance hall and his home.

After the defendant had testified, defense counsel made the following offer:

[DEFENSE COUNSEL]: If it please the Court, when court resumes, the defense proposes to offer as a witness, Robert Gray, who is a student at Central High School, who will state that he was with the defendant from 12:30 on the evening of October 12, 1980, until 1:00; that he observed him coming out of the Blue Grass Community Hall parking lot, or that area there, and that he was on the street, and that he honked at him, and that he motioned for him to follow him, and that he followed him to Casey's, where they talked until 1:00 in the morning.

Is that in substance what you're going to testify to?

ROBERT GRAY: Yes.

The State objected to the offer of the witness on the ground that his testimony was an alibi for which no previous notice had been given. Defendant's counsel then conceded the rule on alibi defense but stated:

I think I have good cause here, in that I was not aware of this witness until two days ago, and at that time everything indicated that we were going to enter a plea to this cause, and for that reason, at the time that he was in my office, I didn't even bother to interview him. The first time I talked to him was today.

The defendant then joined in the colloquy and stated to the court: "He didn't know if he wanted to get involved, Your Honor." Defendant continued the colloquy with the court and he became argumentative. He contradicted his lawyer by stating that he had told the lawyer of the witness, although he did not state when that occurred. He indicated he did not see why the trial could

not be delayed, and the colloquy finally concluded as follows:

> THE COURT: That's correct, but all this could have been prevented by the filing of a notice of alibi.
>
> THE DEFENDANT: Mr. Gray didn't know whether he wanted to get involved.
>
> THE COURT: The Court, having considered the matter of the defendant's failure to file a notice of alibi, and finding that the defendant's reason, that the particular witness did not want to get involved, being an insufficient reason to grant an exception to the rule requiring notice of alibi, finds that the State's motion in limine will be granted and that the witness, Robert Gray, will be prohibited from testifying to any circumstances which may be construed as an alibi. If he has other things that he can testify to that do not constitute alibi testimony, he will be allowed to testify.

Gray did not testify. However, the defendant was allowed to retake the stand. His testimony concerned matters subsequent to his arrival at his home and did not involve an alibi.

I. *Discretion.* Defendant's sole claim of error is that the trial court abused its discretion in the application of the preclusion sanction contained in rule 10(10)(a)(2). Defendant maintains the abuse arose from the failure of the trial court (1) to hold an evidentiary hearing, and (2) to impose alternate remedies, such as delay or continuance of trial. The State maintains that there was no showing of good cause and that the trial court exercised its discretion properly.

In *State v. Morrison,* 323 N.W.2d 254 (Iowa 1982), filed today, we discussed and adopted principles of review concerning claims of abuse of discretion. We will not find an abuse of discretion unless it is shown that "such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* at 256 (quoting *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979)). While the *Morrison* case involves an appeal of a sentence, we find it appropriate to apply the same standard of determining abuse of discretion here.

A. *Procedure on hearing.* The defendant concedes that the trial court heard and considered the defense attorney's reason for not giving notice of alibi. His complaint, however, is that the court should have taken evidence and made a finding as to what prejudice would have been caused by a delay in the trial. It is unclear whether defendant's complaint is directed toward his abuse of discretion claim or the procedure utilized by the trial court. However, because defendant failed to preserve error, we need not resolve this lack of clarity. *State v. Jump,* 269 N.W.2d 417, 430 (Iowa 1978) (matters not raised in trial court may not be effectively asserted for the first time on appeal); *State v. Pardock,* 215 N.W.2d 344, 347 (Iowa 1974) (same). Defendant made no offer of formal evidence at the hearing. Defense counsel and the defendant himself freely participated in the hearing on the motion and raised no objection to the manner in which the hearing was conducted. Defendant's failure to preserve error thus precludes his belated claim. We therefore need not decide whether a formal hearing should have been conducted in a rule 10(10)(a)(2) determination of good cause.

B. *Good cause.* The trial court in its oral ruling on the State's motion to exclude testimony of the alibi witness determined there was insufficient reason to grant an exception to the rule requiring notice of alibi. On appeal the State, rather than the defendant, raised the issue of good cause. The matter was argued on the basis that it was a discretionary decision of the court.

It is clear that in the absence of proper notice rule 10(10)(a)(2) prohibits a transgressive party from offering evidence of an alibi other than his own testimony except by permission of the court for good cause shown. Iowa R.Crim.P. 10(10)(a)(2) (1979) (current version at Iowa R.Crim.P. 10(10)(d)). *See also* Annot., 45 A.L.R.3d 958, 974 (1972). We agree with the parties that the determination of whether to allow the evidence based on good cause is a dis-

cretionary decision of the trial court. *People v. Merritt*, 396 Mich. 67, 78, 238 N.W.2d 31, 36 (1976) (trial judge is given broad discretion in determining whether alibi evidence should be excluded in absence of notice); *Swonger v. State*, 54 Wis.2d 468, 473, 195 N.W.2d 598, 601 (1972) (determination that good cause was not shown); *cf. State v. Jackson*, 156 Iowa 588, 593, 137 N.W. 1034, 1036 (1912) (statute that allows prosecutor to introduce evidence by witnesses not listed on the indictment with the court's permission after a showing of diligence gives the trial court discretion; reviewing court does not interfere in the absence of a showing of abuse thereof). No definition of good cause for the failure to give the alibi notice or guidelines to determine the same is provided by rule 10(10)(a)(2). We recognize that the issue involves the important right to have compulsory process for obtaining witnesses. *See* U.S.Const. amend. VI; Iowa Const. art. I, § 4. We also recognize, however, that similar rules have withstood constitutional challenges. *Williams v. Florida*, 399 U.S. 78, 81–82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446, 450 (1970) (similar state rule held valid against a due process challenge under the fifth and fourteenth amendments); *see Wardius v. Oregon*, 412 U.S. 470, 472, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82, 86 (1973) (validity of alibi statute requirements depends on the provisions of reciprocal discovery rights for the defendant against the government). Further, the justifications and reasons for such rules provide helpful insights into the determination of good cause. For example, in *Williams* the Court justified the notice requirement of the alibi rule as follows:

> Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate.... The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.

399 U.S. at 81–82, 90 S.Ct. at 1896, 26 L.Ed.2d at 450 (footnote omitted). The court in *United States v. Barron*, 575 F.2d 752, 757 (9th Cir. 1978), commented on the

reason for and urged cautious application of a similar federal rule as follows:

> The rule also serves to prevent trial delays which might otherwise be necessary to permit a surprised party to meet an unexpected witness or alibi defense. If these reasons are to be effectuated and if the rule is to have any teeth, trial courts must be able to impose sanctions, even the drastic one employed in this case. However, courts should impose the sanction only after a careful weighing of the interest of the defendant in a full and fair trial against the interests of avoiding surprise and delays.

■ Our independent analysis of the "good cause" standard in rule 10(10)(a)(2) satisfies us that good cause was not shown. First, we determine that the lack of notice prejudiced the State. Without prior notice, the State would not have been provided a normal opportunity to investigate the veracity of the witness's testimony. *See Williams*, 399 U.S. at 81, 90 S.Ct. at 1896, 26 L.Ed.2d at 450 (alibi notice rule protects the State from "an eleventh-hour defense"). Further, a delay in the proceeding would create a substantial time interval between the presentation of the State's evidence and the defendant's evidence of alibi. This not only disrupts the judicial process but may also affect the jurors and the outcome of the trial. This is so because a continuous sequence of testimony would ensure the evidence does not grow stale during an interval followed by fresh evidence immediately prior to jury deliberation. *See State v. Stump*, 254 Iowa 1181, 1194, 119 N.W.2d 210, 217, *cert. denied*, 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (1963) ("ease with which an alibi defense can be manufactured would in the absence of proper safeguards enable an unscrupulous defendant to overwhelm the prosecution in almost every case where the defendant was not caught in the commission of the offense.").

Second, we find defendant's reason for failure to give notice inadequate. Although defense counsel claimed to have known of the witness for only two days, defendant knew or should have known of the witness

from the time he was charged. His excuse that the witness did not want to get involved is a feeble one. Defendant obviously could have subpoenaed the witness and obtained his testimony. Instead, he waited until all of the evidence had been presented and then attempted to call his last witness to give testimony entirely inconsistent with any other testimony given.

Finally, we also find it proper to consider the strength of the evidence against the defendant when we review the action of the trial court in weighing and balancing the interest of the parties under rule 10(10)(a)(2). *See United States v. White*, 583 F.2d 899, 902 (6th Cir. 1978); *United States v. Barron*, 575 F.2d 752, 758 (9th Cir. 1978); *United States v. Smith*, 173 U.S.App. D.C. 314, 316–17, 524 F.2d 1288, 1290–91 (1975). *Cf. State v. Smith*, 50 Ohio St.2d 51, 56, 4 Ohio Op.3d 118, 121, 362 N.E.2d 988, 991 (1977) (trial court abused its discretion in excluding alibi testimony in the absence of notice when there were "a number of defense witnesses challeng[ing] the reliability of" the prosecution's evidence). Our review of the record shows that the victim's positive identification of the defendant as her assailant was corroborated by disinterested witnesses. Defendant was placed at the scene immediately after the occurrence and his body bore scratches consistent with the victim's version of a struggle between the two. While it was not necessary for defendant to prove his alibi, or even testify to it, we note his testimony did not refer to the alibi. *See State v. Lanphear*, 220 N.W.2d 618, 620 (Iowa 1974) (defendant may in absence of alibi notice take stand and substantiate alibi claim). It is doubtful that the jury would have believed the testimony of an alibi witness under these circumstances.

■ C. *Alternate remedies.* Although our determination that good cause was not shown precludes the testimony of the alibi witness we shall examine and discuss defendant's claim of abuse of discretion by the trial judge for failure to apply alternative remedies. Defendant points out that we held the preclusion sanction was inap-

propriate in *State v. Marchellino*, 304 N.W.2d 252, 257 (Iowa 1981), and *State v. Walker*, 304 N.W.2d 193, 197 (Iowa 1981).

Defendant's reliance upon *Marchellino* and *Walker* is misplaced. These cases are authority for the proposition that the preclusion of a witness was not an authorized sanction for noncompliance with the disclosure duty of Iowa R.Crim.P. 12(3). Rule 12(3) contains no provisions for sanctions of any kind while rule 10(10)(a)(2) specifically provides for the preclusion sanction. *Marchellino* and *Walker* merely hold that rule 12(3) authorizes only remedies other than preclusion. Under rule 10(10)(a)(2), the sanction is preclusion unless the court in its discretion determines that good cause has been shown to admit the evidence. We find the trial court did not abuse its discretion in holding alternate remedies should not be granted.

II. *Conclusion.* The defendant has not sustained his burden to show that the trial court abused its discretion. The trial court's decision was consistent with the purpose of the alibi rule which was enacted to avoid the sudden and unexpected appearance of a witness for the first time at a trial under such circumstances that make it impossible for the State to make any investigation concerning the alibi defense or with respect to the witness. In balancing the interest of the parties, we conclude there was no showing that discretion "was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Morrison,* 323 N.W.2d at 256.

AFFIRMED.

All Justices concur except CARTER, J., who takes no part.