STATE of Iowa, Plaintiff-Appellee,

v.

**Phillip Randolph LEWIS,
Defendant-Appellant.**

No. 85–817.

Court of Appeals of Iowa.

June 4, 1986.

John C. Wellman, Citizen Advocate Office, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann DiDonato, Asst. Atty. Gen. and Catherine Thune, Asst. Co. Atty., for plaintiff-appellee.

SNELL, Judge.

At about 3:00 p.m. on December 16, 1984, three persons, one armed with a .45 caliber pistol, entered the home of Des Moines residents Mike and Shelly Gates and forced them to turn over $350 and a small quantity of marijuana. The Gates and their two-year-old child were then forced into a closet and the robbers threatened to shoot through it. The victims, who themselves were admitted drug dealers, did not report the incident to police. After a friend of the Gates family notified the police, both Shelly and Mike, in separate proceedings, picked out defendant Phillip Randolph Lewis's picture from a photo array at the police department and identified him as the armed robber.

On December 15, 1984, Lewis had been a resident of the Riverview Release Center in Newton, Iowa. He was granted a furlough for the weekend of December 15. At 4:01 p.m. on December 16, the day of the robbery, the Riverview Release Center contacted Lewis by phone at his parents' home. Lewis returned to Riverview at 10:47 p.m. that evening. Lewis was arrested on December 26, 1984.

Lewis appeared on December 27, 1984; on a preliminary count charging him with first-degree robbery. Lewis's counsel was appointed near that time. At the time of Lewis's arraignment on February 7, 1985, his trial date was set for April 15, 1985. The March 14, 1985, pretrial conference order required that motions be served on or before April 1, 1985.

On April 8, 1985, Lewis's parents called defense counsel and informed him that they had identified and located nine people who were with Lewis on December 16, 1984. On the evening of April 8, a police investigator interviewed the nine witnesses at the home of Lewis's parents. On April 9, 1985, Lewis filed a notice of alibi defense, listing the names of nine alibi witnesses. Arrangements were made by defense counsel for depositions of the nine

witnesses by the assistant county attorney on the morning of April 11. All nine witnesses appeared at the courthouse at 9:00 a.m. on that date. However, the assistant county attorney declined to depose or informally speak with the witnesses.

A jury trial commenced as scheduled on April 15. Prior to jury selection, the State orally moved to exclude Lewis's alibi witnesses. During ensuing oral arguments before the court, defense counsel explained that the notice of alibi was not filed until April 9 because he had not been given the names of the witnesses by Lewis's parents until April 8, he didn't know about the defense until it was filed, and Lewis could not locate his witnesses earlier because he was in jail. The State argued that it was prejudiced because it had no opportunity to depose the alibi witnesses and fully investigate the alibi defense before the trial date. The State also argued that Lewis did not assert an adequate reason for his failure to give timely notice. The court ruled that the alibi witnesses would not be allowed to testify.

After trial, the jury returned a verdict of guilty. Lewis was sentenced to imprisonment for a term not to exceed twenty-five years.

On appeal, Lewis contends that although notice of alibi was not timely filed, the trial court abused it discretion under Iowa R.Crim.P. 10(11)(d) because exclusion of the alibi witnesses was unreasonable. Lewis also contends the trial court erred in overruling his motion for a mistrial. He argues that the State's redirect examination of the interrogating officer as to whether or not Lewis had mentioned his alibi was basis for mistrial. Lewis contends that this line of questioning constituted prosecutorial misconduct.

 **Alibi Defense.** In a criminal action a defendant claiming an alibi defense is subject to the requirements of Iowa R.Crim.P. 10(11)(a) and (d), which provide:

a. *Alibi.* A defendant who intends to offer evidence of an alibi defense shall, within the time provided for the making of pretrial motions or at such later time as the court shall direct, file written notice of such intention. The notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. In the event that a defendant shall file such notice the prosecuting attorney shall file written notice of the names and addresses of the witnesses the state proposes to offer in rebuttal to discredit the defendant's alibi. Such notice shall be filed not less than ten days after filing of defendant's witness list, or within such other time as the court may direct.

\* \* \* \* \* \*

d. *Failure to comply.* If either party fails to abide by the time periods heretofore described, such party may not offer evidence on the issue of alibi, ... without leave of court for good cause shown. In granting leave, the court may impose terms and conditions including a delay or continuance of trial. The right of a defendant to give evidence of alibi ... in his own testimony is not limited by this rule.

What constitutes good cause for filing belated notice under rule 10(11)(d) is a discretionary decision of the trial court. *State v. Taylor,* 336 N.W.2d 721, 724 (Iowa 1983); *State v. Christensen,* 323 N.W.2d 219, 222 (Iowa 1982). The defendant has the burden to show that the trial court abused its discretion. *Christensen,* 323 N.W.2d at 222. We will not find an abuse of discretion unless it is shown that "such discretion was exercised on grounds for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1981)). "Rules requiring advance notice of such defenses as alibi and diminished responsibility are justified by the need to balance the interest of the defendant in a full and fair trial against the interest in protecting the state from unfair surprise and delays." *Taylor,* 336 N.W.2d at 724.

The United States Supreme Court justified the notice requirement of Florida's similar alibi rule as follows:

> Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substantial number of States. The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as "due process" is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.

*Williams v. Florida*, 399 U.S. 78, 81, 82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446, 450 (1970).

■ The preclusion sanction of rule 10(11)(d) is not to be imposed lightly. The interest of the defendant in obtaining a full and fair trial must be weighed against the interest of the State in avoiding surprise and unnecessary delays.

The Iowa Supreme Court in *Christensen* considered several factors in applying the "good cause" standard of the alibi notice rule including the adequacy of defendant's reason for failure to give notice and whether the lack of earlier notice prejudiced the State. We are satisfied that in this case good cause was shown for Lewis's failure to give earlier notice.

Defense counsel represented to the trial court that he had only learned of the alibi witnesses on April 8. It was only at this time that Lewis's parents were able to remember the gathering which occurred at their home on the date in question. The notice of alibi was then filed immediately on April 9, one week prior to trial. Furthermore, the witnesses were all made available to the State for informal interviews or depositions on April 11. From April 9 onward the State had the opportunity to investigate Lewis's defense. However, it chose to do nothing, even declining interviews with the witnesses.

■ We find that the purpose of Iowa's alibi notice rule is to give the prosecution time and information to investigate the merits of such defense. The rule is designed to avoid the sudden and unexpected appearance of a witness for the first time at trial where it is impossible for the State to make any investigation concerning the alibi defense or with respect to the witnesses. We will not allow the State to create prejudice by refusing to investigate the veracity of alibi witnesses when it is given an ample opportunity to do so. We can perceive of no reason to penalize Lewis for noncompliance with the alibi notice rule when any disadvantage the State might suffer at trial in this case was brought about by its own conduct. Furthermore, the record fails to demonstrate that a delay in proceedings would have been necessary to enable the State to fully prepare to combat the alibi defense. Notwithstanding, even if a continuance was required, the State would not have been prejudiced because Lewis had previously waived his right to a speedy trial.

■ To exclude Lewis's defense witnesses under these circumstances would offend the purpose for Iowa's alibi notice rule and Lewis's fundamental right to present witnesses in his defense. We therefore conclude that the trial court's exclusion of Lewis's alibi witnesses constituted an abuse of discretion.

**Motion for Mistrial.** During defense counsel's cross-examination of Officer Rector, the interrogating officer, the following exchange took place:

Q. Did you investigate or attempt to investigate the whereabouts of Mr. Phillip Lewis on December 16th? A. No, I did not.

Q. Did you talk to his family? A. No, I did not.

During redirect examination by the State, Officer Rector was asked:

Q. When you interviewed the Defendant, Mr. Lewis, at any time did he give you any type of an alibi or indicate he was with his family or friends when this robbery occurred? A. No, not that I recall.

Defense counsel made no objection following this question; however, he immediately requested that the court take up a matter of law outside the jury's presence. In chambers, defense counsel moved for a mistrial. The trial court denied the motion.

Lewis now argues that the State's question constituted prosecutorial misconduct because the State raised the question of whether or not Lewis claimed an alibi when the State knew that Lewis was precluded from calling alibi witnesses. Furthermore, Lewis contends that the question could not be viewed as proper impeachment because Lewis had not testified and the State could not know if Lewis was even going to testify.

■ Because the trial court has the ability to gauge the impact of the subject of the motion upon the trial, it has considerable discretion in ruling on motions for mistrial. *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976). We will not reverse on appeal unless the trial judge's ruling denying a mistrial was "so palpably and grossly violative of fact and law that it evidences not the exercise of will but perversity of will, not the exercise of judgment, but defiance thereof, not the exercise of reason but rather of passion or bias." *State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976) (quoting *Blackwell*, 238 N.W.2d at 138). Ordinarily, abuse of discretion is found only where there is no support in the record for the trial court's determination. *Brewer*, 247 N.W.2d at 211. Prosecutorial misconduct entitles the defendant to a new trial only when it appears to have been so prejudicial as to deprive the defendant of a fair trial. *State v. Chadwick*, 328 N.W.2d 913, 916 (Iowa 1983). A defendant is entitled to a new trial where it is manifest that the prejudicial effect of the questioned evidence remains with the jury. *State v. Burrell*, 255 N.W.2d 119, 122 (Iowa 1977).

■ An investigating officer is generally allowed to explain his actions by testifying as to what information he had and its source regarding the crime and the criminal. *State v. Reynolds*, 250 N.W.2d 434, 440 (Iowa 1977). Furthermore, the Iowa Supreme Court has upheld redirect inquiry into matters brought up on cross-examination which could not have been brought up during the direct examination. In *State v. Osborn*, 200 N.W.2d 798, 808 (Iowa 1972), the court found that the trial court did not abuse its discretion in allowing redirect examination into the fact that the Sheriff knew the defendant on sight because he had previously been in custody when defense counsel had cross-examined the Sheriff regarding his ability to identify the defendant. *See also Williams*, 171 N.W.2d at 529 (where defendant inquired into the applicable law on cross-examination, the State was properly allowed further inquiry on redirect).

■ Likewise, in the case at bar, defense counsel opened the door for further inquiry by the State regarding why Officer Rector conducted the investigation in the fashion that he did. In light of the objection raised by defense counsel, we find that the trial court did not err in denying Lewis's motion for mistrial. The State's question was minimally within the scope of proper redirect examination. However, we note that the State's query regarding what Lewis told the interrogating officer treads dangerously close to the line drawn to assure a defendant's constitutional right to remain silent.

REVERSED AND REMANDED.

All Judges concur except DONIELSON and HAYDEN, JJ., who dissent.

DONIELSON, Judge (dissenting)

I respectfully dissent.

The pretrial conference order required that all motions be served on or before April 1, 1985. Defendant filed his alibi defense on April 9, 1985, which violated Iowa R.Crim.P. 10(11)(a) because it was

filed after April 1. The trial court, exercising its discretion, did not find that a good cause for the belated filing was shown. Defendant bears the burden of proof on appeal to show the trial court abused its discretion. Our standard of review is not to substitute our judgment as if we were sitting as the trial judge, as I think the majority has done in this instance; but rather, our review is to find if the trial judge's discretion, regardless of whether we would have similarly ruled or not, was abused. *See State v. Christensen*, 323 N.W.2d 219, 222 (Iowa 1982). The trial judge certainly did not abuse his discretion.

Defendant offered no valid reason as to why the April 1 deadline was not met. At trial, defense counsel explained that the notice of alibi was not filed until April 9 because he had not been given the names of the witnesses by defendant's parents until April 8. Defense counsel also said that he met with defendant's parents on April 1 to discuss the possibility of alibi witnesses. Even though defense counsel may not have known about the witnesses to establish the defense until April 8, defendant did not substantiate his claim that he was unable to locate the nine listed witnesses who constituted family and friends before April 9. All of the nine witnesses on defendant's list had Des Moines addresses.

The trial court, apparently concerned about the amount of time the State had to take the depositions of these nine witnesses and the State's ability to adequately prepare for trial with such information from nine witnesses, found no showing was made that this was a situation beyond defendant's control. In determining that no valid reason was offered to explain defendant's failure to apprise his counsel of this defense, the trial court must have believed it was defendant's and his family's fault for not giving counsel the names sooner. The trial court did not accept defendant's argument that he could not locate the nine witnesses, who supposedly had dinner with defendant during the crime, because he was in jail. *See State v. Rourick*, 245 Iowa 319, 324, 60 N.W.2d 529, 531 (1953) (defend-

ant's filing of an untimely alibi notice precluded him from having witnesses testify at trial that he was home when the crime occurred). The trial court noted that defendant knew each of these witnesses. No showing was made that defendant could not communicate with others outside of the jail, and defendant probably would normally have told his counsel about his alibi immediately after the incident rather than at a later time.

Given this evidence in the record, I cannot find the trial court abused its discretion. Therefore, I would affirm the trial court's decision.

HAYDEN, J., joins this dissent.