**STATE of Iowa, Appellee,**

v.

**Angela Felicia CUNNINGHAM, Appellant.**

**No. 89–424.**

Court of Appeals of Iowa.

Sept. 26, 1990.

Raymond E. Rogers, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., J. Patrick White, Co. Atty., and Heidi Delanoit, Asst. Co. Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Defendant-appellant Angela Cunningham was charged with the class D felony of homicide by vehicle, a violation of Iowa Code § 707.6A(1). A jury found her guilty, and the court sentenced her to a term of imprisonment not to exceed five years. She has appealed. We reverse and remand for a new trial.

On July 14, 1988, Angela Cunningham and Lorree Burkholder were involved in a one-vehicle accident. Cunningham was thrown from the car, and Burkholder, the passenger, died when she was pinned under the car.

Investigating officers concluded the accident occurred because Cunningham was under the influence of alcohol. A blood test showed a blood alcohol concentration of 0.082. Cunningham asserted the accident occurred because she swerved to avoid an animal in the road and because the passenger then grabbed the steering wheel.

After trial the district court refused to submit an instruction on Cunningham's defense theory, namely that the passenger's death resulted from a superseding cause. Cunningham argues that there was substantial evidence showing two possible intervening causes of the accident. She claimed that an animal was in the road and that the passenger grabbed the steering wheel. She argues these alleged intervening acts superseded her fault and should have been included in instructions.

Cunningham also contends the district court should have instructed the jury that it could, but was not required to, presume that she was not intoxicated if it found that her blood alcohol concentration was below 0.10. She relies on Iowa Code § 321J.2(1)(b), which creates an irrebuttable presumption that a defendant is intoxicated if his or her blood alcohol concentration is 0.10 or more. She argues that this statute, by implication, creates a rebuttable presumption that a defendant is not intoxicated if his or her blood alcohol concentration is below 0.10. Cunningham also contends the court should have given a supplemental instruction concerning § 321J.1(1)(b) and the significance that statute attaches to a blood alcohol concentration of 0.1 or more in response to a jury inquiry.

Finally, Cunningham contends the sentencing court stated inadequate reasons for choosing a sentence of incarceration rather than probation.

Defendant contends that the trial court erred in failing to instruct the jury on her defense, namely intervening and superseding causes. The court submitted only an instruction pertaining to proximate cause, which reads as follows:

With regard to element # 2 of Instruction No. 16 [unintentionally causing the death of another]:

The State is required to prove by evidence beyond a reasonable doubt that the

defendant's act or acts unintentionally caused the death of Lorree Burkholder.

\* \* \* \* \* \*

The commission of the act, or acts, need not be the sole proximate cause of death; however, the commission of the act, or acts, must be a proximate cause in causing the death.

The defendant's act or acts did not unintentionally cause the death of Lorree Burkholder unless the act, or acts, were a proximate cause of the death of Lorree Burkholder. The defendant's act, or acts, did not unintentionally cause the death of Lorree Burkholder if some other condition or person was the sole proximate cause of the death of Lorree Burkholder.

"Proximate cause" means that the defendant's act, or acts, was a substantial factor in bringing about the death of Lorree Burkholder, and that if it had not been for such act, or acts, the death would not have occurred.

"Substantial" as used in this instruction means that the defendant's conduct had such an effect in bringing about the death of Lorree Burkholder as to lead a reasonable person to regard it as a cause of her death. "Sole" means the only cause.

The State argues the instruction was sufficient. We agree with defendant and must, therefore, remand for a new trial.

■■■ Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Freeman,* 267 N.W.2d 69, 71 (Iowa 1978). The trial court's decision on instructions will not be disturbed absent an abuse of the trial court's discretion. *State v. Christensen,* 323 N.W.2d 219, 222 (Iowa 1982); *State v. Lewis,* 391 N.W.2d 726, 728 (Iowa App.1986). We will not find an abuse of discretion unless "such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The burden of proving abuse of discretion lies with the defendant. *Id.*

■■■ Civil instructions regarding proximate cause may be appropriate for criminal trials. *State v. Marti,* 290 N.W.2d 570, 584 (Iowa 1980). "The element of proximate cause in criminal prosecutions serves as a requirement that there be a sufficient causal relationship between the defendant's conduct and a proscribed harm to hold him criminally responsible." *Id.* (citations omitted). Proximate cause requires cause in fact, usually expressed as the sine qua non test: but for the defendant's conduct the harm or damage would not have occurred. *Id.* (citations omitted). Proximate cause also requires legal causation. "Prosser remarked that 'this becomes essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred.'" *Id.* (citing W. Prosser, *Handbook of the Law of Torts* § 42, at 249–50 (4th ed. 1971)).

■■■ "An intervening cause is an independent force 'which actively operates in producing harm to another after the other actor's negligent act or omission has been committed.'" *Id.* (quoting *Sayre v. Andrews,* 259 Iowa 930, 942, 146 N.W.2d 336, 343 (1966); *Restatement (Second) of Torts* § 441(1) (1965)). "Only intervening causes which are also superseding relieve the defendant of liability."[1] *Id.* (citing *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 15 (Iowa 1977)). It is necessary for the trial court to instruct on whether an intervening act was a superseding act when reasonable minds may differ. *State v. Marti,* 290 N.W.2d 570, 586 (Iowa 1980) (citing *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 15 (Iowa 1977)).

■■■ There is some language in the instruction that vaguely suggests that a jury may find a superseding cause: "The defendant's act or acts, did not unintentionally cause the death of Lorree Burkholder if some other condition or person was the sole

1. We note that defendant's proposed instruction incorrectly uses the terms "intervening" and "superseding" as synonyms.

proximate cause of the death of Lorree Burkholder." The succeeding paragraphs, which define "proximate cause" and substantiality of a factor in bringing about the harm, negate any clarity there might be by defining those terms solely with reference to defendant's conduct. We are not convinced this is sufficient. *See Freeman*, 267 N.W.2d at 70–71 (finding inadequate explanation in instructions submitted).

■ *Marti* is quite clear in stating the necessity of instructing the jury as to the *criteria* for determining whether an intervening act is a superseding act. *See Marti*, 290 N.W.2d at 586; *Haumersen*, 257 N.W.2d at 7; *see also State v. Bier*, 181 Mont. 27, 591 P.2d 1115, 1118 (1979); *Commonwealth v. Feinberg*, 433 Pa. 558, 568–69, 253 A.2d 636, 642 (1969). Even had the jury been properly instructed to alert it of the availability of a superseding cause found, it was not properly instructed on how to determine whether the allegedly intervening causes might have become superseding acts. *See Freeman*, 267 N.W.2d at 70–71 ("no error in denying an instruction where the substance of the requested instruction is included in other instructions"; conversely, error occurs when trial court fails to instruct on " 'law applicable to the facts disclosed by the evidence' " (quoting *State v. Ritchison*, 223 N.W.2d 207, 211 (Iowa 1974))). Moreover, defendant is entitled to submit an instruction on her defense theory. *State v. Broughton*, 425 N.W.2d 48, 52 (Iowa 1988). The trial court, therefore, abused its discretion in refusing to instruct the jury on intervening and superseding causes.

■ Defendant argues that the trial court twice erred in failing to submit instructions to the jury about presumptions or lack of presumptions that attach when a person is found to have a 0.10 blood alcohol concentration. First, she argues that she should have been entitled to an instruction stating that there is no presumption of intoxication when a blood alcohol concentration is below 0.10. The instruction actu-

ally read to the jury pertaining to being under the influence of alcohol is as follows:

The law provides that a person is under the influence of an alcoholic beverage whenever, by reason the use of such substances, including beer, her reason or faculties have become affected, or her judgment impaired, or her passions are visibly exited, or whenever the use thereof has caused her to lose control in any manner, or to any extent, of the actions or motions of her person or body.

Second, she argues that a special instruction of similar import should have been submitted when the jury inquired, "What is legal limit of intoxication[, equal to or greater than] 0.1 or ?"

Again, we note that jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *Freeman*, 267 N.W.2d at 71. Unless there is an abuse of discretion, we will not disturb the trial court's decision. *Christensen*, 323 N.W.2d at 222; *Lewis*, 391 N.W.2d at 798.

We consider defendant's two contentions together. Given the level of confusion the jury apparently had with respect to the applicability of Iowa Code § 321J.2(1)(b), it might have been advisable for the trial court to issue a clarifying special instruction. We believe, however, that the jury was adequately instructed on the law that applied to this case. *See Freeman*, 267 N.W.2d at 70. We find no abuse of discretion in failing to instruct the jury on the applicability of the 0.10 blood alcohol level.

Because we reverse the trial court's judgment and remand for a new trial, we need not consider defendant's third assignment of error pertaining to the sentencing.

REVERSED AND REMANDED.