**STATE of Iowa, Appellee,**

v.

**Jeffrey M. WEISS, Appellant.**

**No. 94–564.**

Supreme Court of Iowa.

March 29, 1995.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., and Mary E. Richards, County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

Defendant, Jeffrey Weiss, appeals from his conviction of third-degree sexual abuse, in violation of Iowa Code section 709.4(1) (1993). He contends the phrase "under the influence of a drug inducing sleep" found in the statutory definition of sexual abuse, *see* § 709.1(1), and in the instructions submitted at his criminal trial, is ambiguous and required additional jury instruction. We affirm.

Weiss was charged with third-degree sexual abuse pursuant to sections 709.4(1) (by force or against the will of victim) and 709.1(1). Section 709.1 provides:

Any sex act between persons is sexual abuse by either of the participants when the act is ... (1) ... done by force or against the will of the other. If the consent or acquiescence of the other is procured by threats of violence toward any person or *if the act is done while the other is under the influence of a drug inducing sleep or is otherwise in a state of unconsciousness*, the act is done against the will of the other.

(Emphasis added.)

The evidence presented at trial tended to establish that Weiss engaged in sexual intercourse with an unconscious woman. Others in the house with Weiss and the woman saw that she was not moving or speaking before the alleged assault. They could not wake her for quite some time following the alleged assault. When they eventually awakened her and tried to explain what had happened to her, the woman was dumbfounded. The following morning the woman's blood alcohol content was .160. Michael Rehburg of the division of criminal investigation estimated her blood alcohol content would have been .190 or .200 at the time of the alleged assault. Weiss testified, however, that the woman called his name when he awoke to answer the phone. He walked over to her, and they engaged in petting, digital penetration and consensual intercourse.

Weiss asked the court to strike the phrase "under the influence of a drug inducing sleep" from the following proposed instruction:

The fact that [the alleged victim] was under the influence of alcohol is only material to whether the act was done by force or against the will of [the alleged victim]. The issue of [the alleged victim's] intoxication does not alter the State's burden to prove beyond a reasonable doubt that the sex act, if any, was done by force or against the will of [the alleged victim].

An act not done by force or against the will of [the alleged victim] consists of positive cooperation evidenced by words, overt actions, or attitude of [the alleged victim] indicating a freely given agreement to participate in a sex act.

The question of [the alleged victim's] intoxication should be considered along with all the other evidence in the case which bears on the question of whether the act was done by force or against the will of the other.

If you find a sex act was committed and a sex act was done while [the alleged victim] was *under the influence of a drug inducing sleep* or was otherwise in a state of unconsciousness, the act was done against the will of [the alleged victim].

(Emphasis added.)

Weiss argued that inasmuch as alcohol is a drug which induces sleep "every man in this entire state who has ever had sex with a woman who has had a drink is guilty of sexual abuse in the third degree." Consequently, Weiss argued, the legislature could not have intended to include alcohol in the meaning of Iowa Code section 709.1(1). In the alternative, Weiss asked that an additional instruction be given explaining that phrase for the jury. The district court denied Weiss' request.

Weiss was convicted as charged. His motion for new trial was denied. The district court entered judgment and sentenced Weiss to a prison term not to exceed ten years. On appeal Weiss argues the phrase "under the influence of a drug inducing sleep" is ambiguous and required additional instruction by the district court.

■ Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Cunningham*, 463 N.W.2d 887, 889 (Iowa App.1990) (citing *State v. Freeman*, 267 N.W.2d 69, 71 (Iowa 1978)). Words in an instruction need not be defined if they are of ordinary usage and are generally understood. *State v. Hoffer*, 383 N.W.2d 543, 548 (Iowa 1986). A meaning of a word can be ascertained by its context. *See Wright v. State Bd. of Eng'g Examiners*, 250 N.W.2d 412, 413 (Iowa 1977).

With these principles in mind, we think Weiss unnaturally isolates "under the influence of a drug inducing sleep" from the remainder of the phrase in section 709.1(1), "or is otherwise unconscious." Moreover, we believe "otherwise," a word of ordinary usage, is the pivotal word in the phrase. "Otherwise" is defined as "in a different way or manner." Webster's Ninth New Collegiate Dictionary 835 (1983).

We conclude the legislature obviously intended to prohibit a sex act performed upon an unconscious person—unconscious by whatever means, including a drug-induced sleep. Section 709.1(1) has, thus, defined any sex act with an unconscious person as being "by force or against the will" of that person, and consequently, as sexual abuse.

The district court informed the jury that if the sex act was committed while the alleged victim was "under the influence of a drug inducing sleep or was otherwise in a state of unconsciousness, the act was done against the will of [the alleged victim]." The instruction, like the statutory provision, explains that sexual abuse may be found if the victim was in a state of unconsciousness. The instruction, therefore, sufficiently informed the jury of the definition of sexual abuse under section 709.1(1).

We affirm Weiss' conviction for third-degree sexual abuse.

**AFFIRMED.**