Charity A. **NEIGHBORS**, as Administrator of the Estate of James Loren Neighbors, Deceased, Plaintiff-Appellee-Appellant,

v.

**IOWA ELECTRIC LIGHT AND POWER COMPANY**, Defendant-Appellant,

Central Iowa Power Cooperative, Defendant-Appellee.

No. 53532.

Supreme Court of Iowa.

March 4, 1970.

John F. Gaston, Jr., Ted P. Lewis and Lynch, Dallas, Smith & Harman, Cedar Rapids, for defendant-appellant, Iowa Electric Light and Power Co.

Sebesta & Kuehnle, Mechanicsville and Janss, Dreher, Wilson & Adams, Des Moines, for plaintiff-appellee-appellant.

Shuttleworth & Ingersoll, Cedar Rapids, for defendant-appellee, Central Iowa Power Cooperative.

SNELL, Justice.

This is an action at law seeking recovery from two power companies for the death of plaintiff's decedent.

Charity A. Neighbors, as administrator of the estate of James Loren Neighbors, is plaintiff.

Defendant Iowa Electric Light and Power Company is an Iowa corporation engaged in the business of producing, distributing and selling electric energy. It will be referred to as Iowa Electric.

Defendant Central Iowa Power Cooperative is an Iowa corporation engaged in the business of generating, distributing and selling electric energy to rural electric cooperatives. It will be referred to as Cipco.

Cipco is the owner of an electrical substation near Dundee, Delaware County, that is a part of its electric power distribution system. This is admitted by both defendants.

By arrangement between defendant companies Iowa Electric fed high tension electric current (115,000 volts) into Cipco's system.

All of Cipco's power is received from Iowa Electric. The generating plant and transmission facilities of Cipco are operated and maintained by Iowa Electric. Iowa Electric takes the entire output of Cipco's generating plant into their system, then Cipco purchases it back from Iowa Electric according to the requirements from Cipco's member systems under the terms of this agreement.

By written agreement Cipco contracted with Elliott Construction Company for enlargement and expansion of the Dundee substation. The accident giving rise to this lawsuit happened during but near the completion of this construction. Elliott Construction Company is not a party to this lawsuit.

Plaintiff's decedent was an employee of Elliott Construction Company. He had been a farmer, welder, and construction worker. He had been employed on other substation constructions, including substations in operation. He had no formal training as an electrician. He was listed by his employer as a lineman. There is no claim that he was trained or qualified to handle "hot lines", but he was sufficiently experienced in working on substation construction to know the danger therein.

The substation is a tall steel structure with towers, cross members, supports, insulators, wires, transformers, switches, etc. incidental to such an installation. Construction was nearly complete except for final connections. About 2 months previously the 115,000 volt line had been de-energized long enough to put a 4 x 4 piece of girder construction on top of the tower. When this top section was put in place there there was a clearance of between 50 and 60 inches between the top of the structure and the 115,000 volt line.

Three uninsulated wires or cables passed over the top of the steel tower and carried

the energy. The diameter of these wires was about ½ inch. While the line was energized there was a continuous humming noise from the transformer.

On the morning of April 13, 1962 the 115,000 volt line feeding the Dundee substation was scheduled to be de-energized for the purpose of making connections at the substation. To do this and also maintain electric service a number of switching operations were involved. Three different substations were involved.

On that morning Iowa Electric's line foreman went to the Dundee substation pursuant to arrangement with Elliott's Construction foreman. His purpose was to superintend the de-energizing of the 115,-000 volt line so proper connections in the substation could be made.

When he arrived he saw a man (decedent) standing on the east end of the steel structure. He was near but a few feet below the top. He was at least 7 feet away from any wire. The Iowa Electric foreman did not know why the man was there or what he was doing. He was surprised because he did not know of any work to be done on top of the tower before the line was de-energized. He inquired of the construction foreman but did nothing about the situation. The record does not show that he was alarmed. The humming sound from the transformer was audible. The foreman had reason to assume that decedent knew the lines were "hot".

The two foremen proceeded to the control building to complete the de-energizing. They lost sight of decedent. While in the process of de-energization a loud "pop" or "bang" akin to a shotgun blast was heard. Decedent was observed falling from the tower.

Upon examination it appeared that decedent had either had contact with or had come within two inches of the "outage" wire, causing it to arc to his ungrounded body. Decedent was killed instantly by electrocution. This was shown by burns, a hole in his helmet and burns on the wire and bar where he was standing. He did not fall from where the foreman first saw him.

The construction foreman was deceased at the time of trial.

One other witness heard the noise and saw decedent falling, but no one actually saw what happened.

There was no evidence as to what decedent was doing or why he came too close to the live wire.

The foregoing is a brief summary of a rather extensive record including testimony of experts and many exhibits. The technical aspects of electric construction were explored but need not be repeated here.

Plaintiff's case against both defendants was submitted to the jury. The jury returned a verdict against both defendants. The trial court overruled Iowa Electric's post-trial motion for judgment notwithstanding the verdict but sustained Cipco's motion for judgment notwithstanding the verdict. There were no motions for new trial. Plaintiff and defendant Iowa Electric appealed from these adverse rulings and the judgments thereon. Iowa Electric also argues that if it is held liable Cipco should not be relieved.

I. Section 489.16, Code of 1966 (489.15 in Code of 1962) as far as applicable here provides:

"Injury to person or property. In case of injury to any person or property by any such transmission line, negligence will be presumed on the part of the person or corporation operating said line in causing said injury, but this presumption may be rebutted by proof. * * *"

The trial court instructed the jury that only the defendant Iowa Electric was involved in the actual operation of the facility claimed to be a transmission line and that the presumption could not be claimed or asserted against the defendant Cipco.

As to Iowa Electric the court instructed the jury as follows:

"There is a dispute as to whether or not the electric wire at the place where the electric charge passed into the body of the plaintiff's decedent was an electric transmission line. In order to be entitled to the presumption of negligence referred to, the burden of proof is upon the plaintiff to establish by a preponderance or greater weight of evidence that the electric current entering the body of plaintiff's decedent did so from an electric transmission line.

"The term 'transmission line' consists of and includes the poles, wires, guy wires, towers, cables, conduits and other fixtures and appliances necessary for conducting electric current.

"If plaintiff has established that her decedent's death by electrocution was as a result of electricity entering him from an electric transmission line as herein defined, then you may presume negligence on the part of the defendant Iowa Electric Light and Power Company. This presumption is sufficient to justify a finding that such a defendant was negligent if it is not rebutted."

This presented a fact issue to the jury.

We find no exceptions to this instruction relieving Cipco from this statutory presumption.

II. Iowa Electric argues for reversal in the alternative as follows:

a. Iowa Electric first asserts that the presumption under Code section 489.16, quoted supra, can have no applicability to this suit and that its application by the trial court amounted to reversible error. The argument for non-applicability centers on the words "such transmission lines", the appellant—Iowa Electric arguing that the line by which plaintiff's decedent was electrocuted is not of that category.

Appellant says:

"There is a logical basis for distinguishing between transmission lines and generating plants and substations. Transmission lines in most instances will be constructed and maintained in areas which will be generally accessible to the public. On the other hand, generating stations and substations will be fenced in and the general public completely excluded from access to the area."

■ b. Alternatively, appellant argues that even if section 489.16 applies here, still the presumption of causation therein established was rebutted by the proofs as a matter of law. [Error No. 2] The evidence upon which such rebuttal is based seems to be threefold: (1) that the decedent knew that the wire which caused his death carried a high voltage electricity and had no reason to believe that this wire had been de-energized; (2) the decedent had reason to so believe because under the circumstances the magnitude of the risk and the certainty of injury was so great that he was bound to realize not only the condition, but the danger, such that there was no duty on part of defendant to warn decedent of the dangerous situation; (3) defendant had no reason to believe that the decedent would proceed to the point of danger (i. e. within the arcing distance of the energized wire), inasmuch as decedent's foreman had given defendant's foreman assurances that decedent was aware of the danger. In point of law, however, this argument does not say that the presumption was rebutted, the jury found that it was not. Such finding is binding unless overcome as a matter of law. The argument for appellant is that the presumption created by the statute, when it collides with contrary evidence, may not be enough to warrant submission to the jury in the first instance. In support of this, the most convincing citation is Nelson v. Iowa-Illinois Gas & Electric Co. [Iowa], 160 N.W.2d 448, 453 (1968):

"Plaintiff urges the weight of this presumption alone is enough to require submission to the jury. In the usual and ordinary negligence case we would tend to agree, at least in the absence of sufficient

rebuttal. In this particular instance, however, the force of the evidence negating the presumption is of such magnitude, so clear, convincing and conclusive that the presumption is rebutted as a matter of law."

Such is the question presented by the second assigned error.

c. Alternatively, appellant argues that even if the section applies, and even if it were not overcome by sufficient proof to disestablish defendant's negligence thereunder, still as matter of law plaintiff's decedent was guilty of contributory negligence.

d. By the fourth assignment, Iowa Electric seeks to drag Cipco to the bottom with it, in the event the three preceding errors fail, the argument being:

"The district court erred in sustaining the Separate Motion for Judgment Notwithstanding the Verdict of the co-defendant, [Cipco]. * * * This ruling was erroneous for the reason that [Cipco] was not entitled to claim the benefits of the general rule of nonliability for the acts of an independent contractor. * * *"

III. We will first dispose of Iowa Electric's third and fourth assignments of error.

By motions for directed verdict and judgment notwithstanding the verdict defendant Iowa Electric urged that decedent was guilty of contributory negligence as a matter of law.

The trial court instructed the jury on contributory negligence. There were no exceptions to the instruction.

Appellant admits in argument that it had the burden to plead and prove contributory negligence of decedent as a defense.

This accident happened prior to but was tried subsequent to the enactment of section 619.17, Code of 1966 changing the rules on contributory negligence. In Schultz v. Gosselink, 260 Iowa 115, 121, 148 N.W.2d 434, 437, we said:

"We hold the new statute, now section 619.17, Code 1966, affects both remedial or procedural and substantive rights. As to burden of proof the statute is retroactive and, of course, prospective. As to the quantum of proof it is prospective only.

"Stated otherwise, as to actions brought involving an accident which occurred prior to July 4, 1965, but trial commenced thereafter the burden is on defendant to plead and prove plaintiff's negligence contributed in any way or any degree directly to the injury or damage. * * *"

Defendant extensively argues by deductions that might well have convinced the jury that decedent was contributorily negligent. The jury, however, was not convinced. Defendant's argument is persuasive, but we may not substitute our view of the evidence for that of the jury. We cannot say as a matter of law that decedent's negligence contributed to his death.

As actions involving accidents occurring on or subsequent to July 4, 1965, involve proximate cause the issue now before us will rarely appear. Further discussion would serve no useful purpose.

IV. Iowa Electric's fourth assignment of error is based on the argument that Cipco was not entitled to claim the benefits of the general rule of non-liability for the acts of an independent contractor.

Except for the presumption under section 489.16 of the Code the record before us would not support plaintiff's verdict. As we agree with the trial court that the presumption does not apply against Cipco we need not discuss this assignment of error.

V. After consideration of defendants' motions for judgment notwithstanding the verdict the trial court filed an exhaustive and analytical review of the evidence and the authorities. As we are in accord therewith we quote extensively therefrom.

"A review of the entire record has convinced the court that no jury question

was presented as to any negligence on the part of the defendant cooperative [Cipco]. There is no hint that the design of the original facility, nor the design for the improvement, was in any way defective. There was not a scintilla of evidence of any failure on the part of the defendant owner with respect to the National Electrical Safety Code, of any statute or indeed of any suggested or reasonable standard. The separate motion of the defendant cooperative [Cipco] will have to be sustained.

"The questions presented by the motion of the defendant company [Iowa Electric] are much more difficult, complex and close. A close review of the record for direct evidence of negligence amounts to quite a search. * * *

[The trial court indicated disagreement with the conclusion of the jury but then discussed 9 evidentiary matters that the jury might have accepted.]

"But the court is not the finder of the facts and of course the evidence has to be viewed in the light most favorable to the plaintiff.

"We are faced with a consideration of the effect of section 489.16 of the Code. That section provides: [quoting the statute]

"A determination must be made as to whether the statutory presumption of negligence, if applicable here, will assist whatever matters presented in the evidence toward the making of a jury question.

■■■ "The defendant company takes the position that the statute is not applicable here, that no 'electric transmission line', within the meaning of the statute, was involved. It is argued that this question is a matter of law and should have been determined by the court. The case was tried on the theory that this was a fact question with the jury determining whether or not it was in fact an 'electric transmission line' within the meaning of the statute. Of course the defendant cannot complain of any error, if it be error, in submitting this question to the jury on this motion unless it appears that the court had to determine that it was not an electric transmission line. Otherwise any error in the submission of that question was in favor of the defendant company. And it does not appear that the court had to determine that the wire at the place in question was not an electric transmission line. * * * And the section has been held to apply to lines on private property. Litchford v. Iowa-Illinois Gas & Electric Company, 247 Iowa 947, 75 N.W.2d 346. It has been held to apply to workmen in the area as well as to the passing public. Cronk v. Iowa Power & Light, 258 Iowa 603, 138 N.W.2d 843. It is not felt that the court was bound to hold as a matter of law that the section did not apply to this case. As explained, it follows that on this motion it must be considered that it did."

■■■ Our court has taken the position that a rebuttable presumption of law is itself evidence. Re Givins Estate, 254 Iowa 1016, 119 N.W.2d 191.

Thus the presumption applies unless the jury finds from the evidence that the presumption has been rebutted. Re Estate of Wood, 374 Mich. 278, 132 N.W.2d 35, 5 A.L.R.3d 1.

VI. We agree with the trial court. There were factual questions properly submitted to the jury as to defendant Iowa Electric but not as to defendant Cipco.

The case is

Affirmed.

All Justices concur, except REES, J., who takes no part.