**Beverly DEVILBISS, Appellant,**

v.

**BRENTON NATIONAL BANK OF PERRY, Appellee.**

**No. 88–1662.**

Court of Appeals of Iowa.

Nov. 27, 1989.

As Corrected Dec. 8, 1989.

Edward N. McConnell of Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellant.

Gregory A. Witke of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant, Beverly Devilbiss, appeals from the decision of the district court ren-

dering judgment against her pursuant to a jury verdict. We affirm.

Beverly Devilbiss was injured when she tripped and fell on a sidewalk adjacent to, and owned by, the Brenton National Bank of Perry. At the time of her injury, Devilbiss was walking past the bank but did not plan to stop there for she had no business to transact.

Devilbiss sued the bank to recover for her injuries. After trial, the jury returned a verdict finding the bank free from fault. Devilbiss has appealed from the resulting adverse judgment.

Our scope of review is on assigned errors. Iowa R.App.P. 4. The jury's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We review the evidence in the light most favorable to the party in whose favor the verdict was rendered. *Cedar Falls Bldg. Center v. Vietor*, 365 N.W.2d 635, 638 (Iowa App.1985); *Poulsen v. Russell*, 300 N.W.2d 289, 294 (Iowa 1981). The court cannot substitute its view of the evidence in place of the jury's for it is the jury's duty to act as the trier of fact. *Vietor*, 365 N.W.2d at 638; *Neighbors v. Iowa Elec. Light and Power Co.*, 175 N.W.2d 97, 101 (Iowa 1970).

■ Appellant first contends the jury's verdict is not supported by substantial evidence. We find there is. In this respect, James Collins, a maintenance person for appellee, testified that he normally made daily inspection of the bank's grounds including the sidewalks, and never observed any defects in the sidewalk on which appellant was injured. Both Richard Collins and Judy Shirbroun, president and vice president, respectively, of appellee, testified that they did not observe any raised segments in the sidewalk where appellant fell. Additionally, appellee submitted photographs of the sidewalk. From this evidence, the jury could conclude that the sidewalk was not in a defective condition.

■ Appellant alternatively argues that the district court erred by instructing the jury that the appellee owed her the standard of care owed by a landlord to invitees. In this regard, it is clear from the record that appellee was not an invitee.

■ But a trial court's error in giving of an instruction does not require reversal unless the error is prejudicial. *See Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989). In this instance, although the trial court did not instruct as to the duty owed a licensee, it did instruct as to the highest duty a landowner has to one coming onto the landowner's property, that of an "invitee." *See* W. Prosser, The Law of Torts § 61, p. 385 (4th ed. 1971); 62 Am.Jur.2d Premises Liability § 37, p. 271 (1972).

A landowner is liable to an invitee if the landowner:

(a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to an invitee, and (b) should suspect that an invitee will not discover or realize the danger, or will fail to protect himself from it.

*Byers v. Contemporary Indus. Midwest*, 419 N.W.2d 396, 397 (Iowa 1988). In satisfying this standard, the appellee also implicitly satisfied any lesser standard of care which the trial court may have instructed. Accordingly, we fail to find any prejudice to the appellant in the trial court's instruction.

■ It is with reluctance that we decline the invitation to abrogate the common law distinction between the duty a landowner owes an "invitee" and the duty owed a "licensee." The usefulness of such distinction in premises liability cases that involve a public way has long since served its purpose. As the appellant points out: If at the time the appellant fell another person walking on the same sidewalk who intended to enter the bank to make a deposit tripped over the same elevated portion complained of by appellant, as Iowa law is presently construed, the individual who banks at the Brenton Bank would be an invitee and therefore entitled to expect that the bank will exercise reasonable care to make the land safe. This duty of care includes proper inspection. Restatement (Second) of Torts § 343, comment (b) (1965). However, the individual who had no intention of doing business with the

bank, yet was injured in the same manner and at the same place as the person who had business with the bank, would be owed only a duty by the possessor to disclose dangerous conditions known by the possessor and likely not to be discerned by the licensee. Restatement (Second) of Torts § 343, comment (b) (1965). We are of the view that the duty in each instance should be one of reasonable care under all attendant circumstances; but as stated previously, we decline to abrogate the distinction.

AFFIRMED.

HAYDEN, P.J., concurs.

SACKETT, J., specially concurs without opinion.