Roseana E. WILCOX, Appellee,

v.

HY–VEE FOOD STORES, INC., Appellant.

No. 89–737.

Court of Appeals of Iowa.

May 24, 1990.

Dick Winders of Herrick, Langdon & Langdon, Des Moines, for defendant-appellant.

Michael E. Sheehy, Cedar Rapids, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

The defendant employer appeals a jury verdict awarding plaintiff $100,500 on her wrongful termination claim. The employer made a motion for a new trial which was denied by the trial court. We affirm.

Plaintiff Rose Wilcox was employed by defendant Hy-Vee Food Stores, Inc., as a bookkeeper at a store in Des Moines, Iowa. In 1986 the store manager, George Norton, noted an increasing number of cash shortages. The assistant manager, Greg Dilla-vou, began an investigation, the result of which seemed to point to Wilcox.

On May 19, 1986, Wilcox was interviewed by the Hy-Vee Safety and Security Director, Joseph Smith, and Norton. She denied taking any money. Smith then asked if she would take a polygraph test. Wilcox verbally agreed. However, when Wilcox was contacted on May 21, she refused to take the polygraph test. Wilcox testified that a coemployee told her that Norton had said, on May 21, that he was firing her for refusing to take the polygraph test. Norton testified that he was at a managers' meeting all day on May 21 and that he had no contact with store employees that day. Norton notified Wilcox that she was discharged on May 22.

Wilcox then filed this action alleging that she was wrongfully discharged for failing to take a polygraph examination. Under Iowa Code section 730.4(2), an employer may not require an employee to take a polygraph examination as a condition of employment. A jury awarded Wilcox $100,500. Hy-Vee appeals.

The jury was instructed that Wilcox could recover if she was terminated solely for refusing to submit to a polygraph examination. Hy-Vee contends that it had a separate, legitimate reason to discharge Wilcox—her mishandling of funds. It states that there is insufficient evidence in the record to support a finding that she was discharged solely for refusing to submit to the polygraph test. Furthermore, Hy-Vee points out that the jury questioned the definition of "solely." It feels that the jury instructions on this point were not very clear.

Hy-Vee also argues that the jury instructions did not clearly state that Wilcox could recover only if she showed that she was required to take a polygraph examination as a condition of employment. Hy-Vee believes there is not sufficient evidence in the record to show that Wilcox was required to take the polygraph test as a condition of her employment because Wilcox's continued employment was not contingent upon her taking and passing the polygraph test.

Finally, Hy–Vee contends that there is no private cause of action for a violation of section 730.4. Hy–Vee recognizes that where an employee's discharge violates public policy, the employer may be liable in a tort suit. However, Hy–Vee points out that when this suit arose, a violation of section 730.4 was only a simple misdemeanor. Also, the statute did not then provide a civil remedy, as it does now.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Findings of fact in a law action are binding upon the appellate court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

■ I. Hy–Vee contends there is no private cause of action for a violation of Iowa Code section 730.4(2) (1987). That section provides as follows:

> An employer shall not require an applicant for employment or a current employee to take a polygraph examination as a condition of employment. An employer who requires a polygraph examination as a condition of employment is guilty of a simple misdemeanor.

In *Springer v. Weeks and Leo Co., Inc.*, 429 N.W.2d 558, 560 (Iowa 1988), the Iowa Supreme Court created a cause of action for tortious interference with the contract of hire when the discharge serves to frustrate a well-recognized policy of the state. Appellant claims that because the violation of section 730.4(2) constitutes a simple misdemeanor, there can be no violation of public policy. In *Springer*, the court held that the discharge of an employee for filing a worker's compensation claim violates public policy. There was no criminal violation at all for such an action under that statute. Therefore, the criminal nature of a statute is not the controlling factor, though the criminal penalty in section 730.4(2) (1987) does support plaintiff's position that a private cause of action exists. The Iowa Legislature has also amended section 730.4(2) to allow for a cause of action for discharging an employee for failure to take a polygraph examination. This amendment does not apply directly to our case because it was passed after this claim arose. How-

ever, we hold that violation of the statute violated public policy and therefore a private cause of action existed.

■ II. Hy–Vee also contends there was sufficient evidence of a legitimate separate reason for the termination of Wilcox. There were two possible reasons for plaintiff's termination. The jury had evidence of both reasons before it. Both sides were allowed to present arguments as to why either or both reasons should apply. The jury found that the sole reason for termination was plaintiff's failure to take the polygraph examination. Such a finding is clearly supported by the evidence. A large portion of the evidence was in the form of testimony from various witnesses. This places a high value on determining the credibility of those witnesses. The jury is far more able to correctly determine credibility than we are from the cold record. The jury apparently placed great weight on the testimony of the plaintiff and her coworkers, and we will not second-guess it, barring strong evidence to the contrary. Examining the evidence in the light most favorable to the plaintiff reveals sufficient evidence to support the jury's verdict.

■ Hy–Vee also claims the jury instructions on this issue were unclear. The jury was instructed that in order for the plaintiff to recover she must show that "defendant wrongfully terminated such employment by terminating plaintiff solely for refusing to submit to a polygraph examination." Hy–Vee suggested an instruction stating that Wilcox was required to prove Hy–Vee "terminated plaintiff's employment for no reason other than her refusal to take a polygraph examination." We fail to see any significant difference between these requested instructions. Jury instructions are to be considered as a whole and, as long as the jury has not been misled, there is no reversible error. *Moser v. Stallings*, 387 N.W.2d 599, 605 (Iowa 1986). The trial court is free to phrase instructions in its own words so long as the instructions fully and fairly inform the jury of the issues and applicable law. *Clinton Land Co. v. M/S Associates, Inc.*, 340 N.W.2d 232, 234 (Iowa 1983). Jury instruc-

tions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Freeman*, 267 N.W.2d 69, 71 (Iowa 1978). However, the trial court's ruling regarding this decision will not be disturbed absent an abuse of the trial court's discretion. *State v. Christensen*, 323 N.W.2d 219, 222 (Iowa 1982); *State v. Lewis*, 391 N.W.2d 726, 798 (Iowa App.1986). We will not find an abuse of discretion unless "such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The burden of proving abuse of discretion lies with the defendant. *Id.*

The trial court's choice of words is exactly that—a choice of words. The jury's initial confusion was remedied by instructing them to reread the jury instructions. There were no further inquiries and there is no reason to believe the jury would have understood Hy–Vee's instruction to any greater degree. We find no abuse of discretion in the submission of jury instruction number eight.

■ III. Hy–Vee contends the jury instructions failed to include an essential element of the cause of action. Instruction number seven stated as follows:

You are instructed that Iowa Law prohibits an employer requiring an employee to take a polygraph examination as a condition of continued employment.

Hy–Vee claims the essential language of section 730.4(2) is that an employer shall not require a current employee to take a polygraph examination as a condition of employment. Once again the difference is merely a matter of wording. The essential elements of the claim are present in the instructions when read as a whole. The trial court did not abuse its discretion.

■ Finally, Hy–Vee contends that there was insufficient evidence to find that Hy–Vee required Wilcox to take a polygraph examination as a condition of employment. As discussed in the first portion of this opinion, there was clearly sufficient evidence to support the finding that the failure to take the examination was the sole cause of termination. Therefore, if Hy–Vee fired Wilcox for her failure to take the examination, such examination was required as a condition of. employment. We affirm the trial court on all issues.

AFFIRMED.