**Charles E. BORSCHEL, Appellant,**

v.

**CITY OF PERRY, Glenn Theulen, Mayor, and Jim D. Smith, Chief of Police, Appellees.**

No. 93–208.

Supreme Court of Iowa.

Feb. 23, 1994.

John P. Roehrick and Cynthia M. Moisan, Roehrick, Hulting & Moisan, Des Moines, for appellant.

Brian L. Campbell and Barbara A. Hering, Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

■ As a general rule an at-will employee may be discharged at any time, for any reason, or for no reason at all. *French v. Foods, Inc.,* 495 N.W.2d 768, 769 (Iowa 1993). We have recognized two exceptions to this rule. First, where the discharge is in clear violation of a "well-recognized and defined public policy of this state." *Id.* at 770 (quoting *Springer v. Weeks & Leo Co.,* 429 N.W.2d 558, 560 (Iowa 1988)); *see also Springer v. Weeks & Leo Co.,* 475 N.W.2d 630, 633 (Iowa 1991) (the discharge of an employee for filing a workers' compensation claim is a retaliatory or wrongful discharge action). The second exception is where a contract is created by an employer's handbook or policy manual. *French,* 495 N.W.2d at 770. Iowa has not recognized an implied good faith and fair dealing exception to the at-will doctrine.

*Porter v. Pioneer Hi–Bred Int'l, Inc.,* 497 N.W.2d 870, 871 (Iowa 1993); *Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 456–57 (Iowa 1989). *See generally* Michael A. DiSabatino, Annotation, *Modern Status of Rule That Employer May Discharge At–Will Employee for Any Reason,* 12 A.L.R.4th 544 (1982).

Here, the plaintiff asks us to recognize a public policy that precludes the firing of an employee who has been charged with, but not convicted of, a crime. Under this record we decline to do so; we affirm the trial court's grant of summary judgment for the defendants.

I. *Background.*

Charles E. Borschel was hired as a police officer for the City of Perry in 1987 by Police Chief Jim D. Smith and Mayor George Soumas. The employment agreement was oral and for an unspecified term.

In September 1988 allegations were made that Borschel had sexually abused his fifteen-year-old daughter. Borschel was suspended with pay pending further investigation. The investigation was concluded, no criminal charges were filed, and Borschel returned to active duty as a Perry police officer.

On March 5, 1991, Borschel was arrested and charged through the office of the Iowa Attorney General with sexual abuse in the third degree, a class C felony. The trial information and minutes of testimony charged him with sexual abuse of his daughter during the spring and summer of 1988.

Borschel was again suspended with pay pending further investigation. The City Attorney's office obtained copies of depositions of the child and her mother taken in May of 1991. Prior to termination of Borschel's employment, Smith and the current Mayor Glenn Theulen read the depositions and the minutes of testimony. The minutes included a summary of the expected testimony of his daughter, her mother, a fellow student of his daughter, and a licensed psychologist who had evaluated Borschel's daughter.

On August 30 a letter was delivered to Borschel advising him that his employment was terminated effective September 1, 1991,

for reasons of misconduct. The letter stated Borschel had allegedly committed sexual abuse in the third degree upon a child and that his continued employment would be detrimental to the city and the morale of the police department. The letter advised Borschel he was entitled to a public hearing before the Perry city council upon his filing a written request for a hearing. Borschel requested a hearing.

On October 4 a jury found Borschel not guilty of sexual abuse and a judgment of acquittal was entered. At the public hearing before the city council on October 7, the council upheld the termination of his employment by majority vote.

On January 3, 1992, Borschel filed suit against the City of Perry, Mayor, and Chief of Police. He claimed both a breach of an implied contract and the wrongful termination of his employment in violation of public policy. After the defendants filed an answer to the petition and the parties engaged in discovery, the defendants filed a motion for adjudication of law points and summary judgment. The motion urged that police department rules and regulations did not imply an agreement to terminate only for cause and that Iowa law does not create an exception to the at-will doctrine for persons who are terminated during the pendency of a criminal proceeding. A statement of undisputed facts was filed which included copies of the depositions taken in the criminal proceedings and the minutes of testimony filed with the trial information. Borschel filed a resistance to the motion. In support of his resistance he also filed a statement of undisputed facts. He accepted the defendants' statement of facts and stated he had been terminated because he was accused of sexual abuse.

In its January 1993 ruling on the motion for summary judgment the court concluded that as a matter of law Borschel's employment was at-will. The court refused to find a public policy exception or an implied contract for continued employment. Borschel appealed. Although he alleged the police department rules created an implied contract, his counsel admitted at oral argument that Borschel was an at-will employee and that the sole issue on appeal was the public policy argument.

## II. *Standard of Review.*

Summary judgment shall be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). The court views the record in the light most favorable to the nonmoving party. *Downs v. A. & H. Constr., Ltd.,* 481 N.W.2d 520, 522 (Iowa 1992). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

## III. *Public Policy Exception.*

Courts have recognized a cause of action for discharge in violation of public policy when the termination of the employee "is in retaliation for performing an important and socially desirable act, exercising a statutory right, or refusing to commit an unlawful act." 82 Am.Jur.2d *Wrongful Discharge* § 14, at 687 (1992). The public policy exception is based on the theory that the law should not allow employees to be fired for reasons that violate public policy. *Id.* § 15, at 687. Such policies may be expressed in the constitution and the statutes of the state. *Id.* § 19, at 692.

■ To be actionable, the discharge must be in violation of a clearly expressed public policy. *Springer,* 429 N.W.2d at 560. The legislature may explicitly prohibit the discharge of an employee who acts in accordance with a statutory right or duty. *See, e.g.,* Iowa Code ch. 216 (1993) (civil rights statute transferred from Iowa Code ch. 601A). Discharge of an employee because of age, race, creed, color, sex, national origin, religion, or disability is an unfair employment practice. Iowa Code § 216.6. Remedies are provided employees who are discharged in violation of the statute. *See* Iowa Code § 216.15. Our civil rights statute, however, preempts an employee's claim that the dis-

charge was in violation of public policy when the claim is premised on discriminatory acts. *Hamilton v. First Baptist Elderly Hous. Found.*, 436 N.W.2d 336, 341–42 (Iowa 1989).

In the absence of an express prohibition, the court of appeals found an implied cause of action for wrongful termination when the reason for discharge is the employee's failure or refusal to violate a law in the course of employment. *Wilcox v. Hy–Vee Food Stores, Inc.*, 458 N.W.2d 870, 872 (Iowa App. 1990). The court of appeals found that the violation of a statute prohibiting an employer from requiring an employee to take a polygraph examination was a violation of public policy, thus a private cause of action existed. *Id.* at 872. At the time the claim arose the statute did not expressly allow for a cause of action. This statute was later amended to so provide. *Id.*

Also we have found an implied prohibition against retaliatory discharge based on an employee's exercise of a right conferred by a clearly articulated legislative enactment. *See Lara v. Thomas*, 512 N.W.2d 777, 780 (Iowa 1994) (discharge in retaliation for filing partial unemployment claim); *Niblo v. Parr Mfg., Inc.*, 445 N.W.2d 351, 353 (Iowa 1989) (employee discharged because she threatened to file a workers' compensation claim); *Springer*, 429 N.W.2d at 560 (cause of action exists when the employee's discharge serves to frustrate the public policy expressed in the workers' compensation statute).

■ Borschel argues the constitutional protection of due process coupled with the statutory presumption of innocence express a clear public policy prohibiting discharge of employees merely because criminal charges are filed against them. He urges the statutory and constitutional scheme would be rendered meaningless if an employer is allowed to terminate employment because the employee is charged with, but not convicted of, a crime.

■ We agree procedural due process protection must be afforded when an at-will public employee is discharged for reasons of dishonesty, immorality, or illegal conduct. *Anderson v. Low Rent Housing Comm'n of Muscatine*, 304 N.W.2d 239, 244–45 (Iowa 1981), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 645, 70 L.Ed.2d 621. *See also Bennett v. City of Redfield*, 446 N.W.2d 467, 470–71 (Iowa 1989). Although an employee may not have a property right to public employment, due process affords certain rights in relation to such employment. *Anderson*, 304 N.W.2d at 243. This constitutional "liberty interest" assures an employee an opportunity to refute charges "which might seriously damage standing and association in the community or impose a stigma ... that forecloses the freedom of the employee to take advantage of other employment opportunities." *Id.* "The due process requirement is satisfied where the employee is notified of the reasons for discharge and furnished the opportunity of a name clearing hearing." *Bennett*, 446 N.W.2d at 471. A post-termination hearing is sufficient. *Id.* Here, Borschel was notified of the reasons for his discharge and of his right to a public hearing. *See* Iowa Code § 372.15 (removal of persons appointed to city office). This was all the process that was due.

The statutory presumption of innocence is found in the Iowa Criminal Code. It requires a person's guilt be proven beyond a reasonable doubt in criminal proceedings. Iowa Code § 701.3. We do not believe this statute implies a public policy applicable in the employment context. While a defendant charged with a crime is presumed innocent until proven guilty, this right is limited to criminal proceedings.

We reject Borschel's contention that the right of due process combined with the presumption of innocence express a well-recognized and defined public policy of Iowa. We therefore agree with the district court that Borschel has no cause of action based on wrongful termination.

**AFFIRMED.**