**David McINTIRE d/b/a McIntire Construction, Plaintiff–Appellee,**

v.

**William MULLER, Defendant–Appellant.**

**William MULLER, Counterclaimant–Appellant,**

v.

**David McINTIRE, Defendant to Counterclaim–Appellee.**

**No. 93–1273.**

Court of Appeals of Iowa.

Aug. 4, 1994.

Donald J. Hemphill of the Hemphill Law Office, Spencer, for appellant.

Larry A. Olsen, Milford, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

William Muller appeals the jury verdict in favor of David McIntire in the amount of $14,417.92 on his open account claim, and against Muller on his counterclaim for damages for breach of contract. Muller alleges that the verdict is not supported by substantial evidence and the instructions to the jury did not sufficiently establish the separate claims.

In the fall of 1990 Muller decided to build a new barn to house his sheep and fowl. David McIntire, who has worked in the construction trade for twenty-one years, told Muller he could construct the barn quicker and cheaper than any of his other competitors. McIntire obtained a cost list for materials and returned to the Muller farm with his proposal for construction of the barn. McIntire testified he informed Muller that if the materials listed were used and the original plans were implemented, the barn could be built for $16,000. Muller claims McIntire gave him a bid of $13,863.

The barn was completed in January 1991. McIntire presented Muller with a bill for $23,238.64. Included in this sum was the cost of materials, a total of $5028 for labor, and a handling charge of $1655.51. After giving Muller credit for payments totaling $8,820.76, McIntire represented that the balance of the contract was $14,417.88.

A dispute arose between McIntire and Muller regarding the price of the job and the quality of construction. Muller alleged that McIntire had promised him to build the barn for only $13,863. McIntire responded that any price quote was given only as an estimate. Muller also claimed the workmanship

on the barn was shoddy, noting the roof leaked in dozens of places and the foundation had shifted.

McIntire subsequently filed the present action, seeking the balance due on the open account. Muller answered, alleged affirmative defenses, and filed a counterclaim for breach of contract and damages. At trial, McIntire claimed he had only provided a materials list to Muller, and the price he quoted Muller was only an estimate. McIntire stated the changes Muller wanted to make to his original plans required additional materials not contemplated at the time he made the estimate. McIntire stated he believed he had an open account contract with Muller. Muller testified that he had informed McIntire of the changes in construction before he presented his materials list. Muller testified he believed McIntire's statement he could do the job for $13,863 was a bona fide bid, not just an estimate. Muller stated he did not enter into an open account contract with McIntire.

Muller's expert witness testified that the construction of the barn was shoddy, and it would cost between $12,000 and $16,000 to repair. McIntire's expert, however, testified he found no serious defects, and that given the materials used in the barn, the $23,238.64 bill was not unreasonable.

At the close of McIntire's evidence, Muller filed a motion for directed verdict. The district court denied the motion, and denied a similar motion at the close of all the evidence. The jury returned a verdict in favor of McIntire in the amount of $14,417.92, and ruled against Muller on his counterclaim for breach of contract and damages. Muller appeals.

## I.

Our scope of review is on assigned errors. Iowa R.App.P. 4. The jury's findings of fact are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We review the evidence in the light most favorable to the party in whose favor the verdict was rendered. *Devilbiss v. Brenton Nat. Bank,* 451 N.W.2d 198, 199 (Iowa App.1989) (citations omitted). The court cannot substitute its view of the evidence for that of the jury for it is the jury's duty to act as the trier of fact. *Id.*

## II.

The first issue raised on appeal is whether there is substantial evidence to support the jury's verdict for McIntire on his open account claim. Mueller claims the evidence did not support McIntire's claim that the agreement between the parties was for an open account rather than a contract for a lump sum.

■ At trial, McIntire had "the burden of proving the account, including that the prices charged were fair and reasonable." *Team Central, Inc. v. Teamco, Inc.,* 271 N.W.2d 914, 920 (Iowa 1978). In establishing the existence of the account, the burden is to prove more than something is owed, but rather precisely how much. *Id.*

■ From the evidence presented, the jury could have found McIntire met his burden of proof. McIntire testified that a materials list was never definitely established. He did not have a blueprint to work from, and the size of the barn was never precisely set. McIntire also testified Muller directed changes and additions as the construction progressed. From the evidence presented, the jury reasonably could have found these changes in the construction plan were indicative of an open account contract.

Muller also claims he did not consent to a ten percent handling charge for the materials. The jury could have found such a charge to be fair and reasonable given the testimony of McIntire's expert witness who stated that handling charges are a customary practice in the business.

We find substantial evidence to support the jury's verdict for McIntire on his open account claim.

## III.

The second issue raised on appeal is whether there is substantial evidence to support the jury's verdict against Muller in his counterclaim for damages due to shoddy workmanship. Muller asserts he should be entitled to recover at least something be-

cause both McIntire and his expert witness admitted there were some defects in the barn.

When a contractor agrees to build, there is an implied agreement the building or work performed will be sufficient for the particular purpose desired or to accomplish a certain result. *Semler v. Knowling*, 325 N.W.2d 395, 397 (Iowa 1982). In this case, this was a barn to house sheep and fowl. The evidence shows there are some flaws in workmanship, but it is also apparent that the jury found more credible McIntire's expert witness who testified any defects in the barn did not devalue it and $23,238.64 was a reasonable cost. The jury is far more able to correctly determine credibility, and we can not second-guess it, barring strong evidence to the contrary. *Wilcox v. Hy–Vee Food Stores, Inc.*, 458 N.W.2d 870, 872 (Iowa App. 1990).

We find substantial evidence supports the jury verdict on Mueller's counterclaim.

### IV.

The final issue on appeal is whether the jury instructions failed to sufficiently explain the separate claims and defenses.

The district court has a duty to ensure that the jury understands the law it must apply. *Sanders v. Ghrist*, 421 N.W.2d 520, 522 (Iowa 1988). In evaluating this, we must read all of the instructions together, not piecemeal or in artificial isolation. *Clinton Land Co. v. M/S Assocs., Inc.*, 340 N.W.2d 232, 234 (Iowa 1983). We must reverse and order a new trial if the instructions as a whole are insufficient to convey the applicable law. *Sanders*, 421 N.W.2d at 522.

The district court's ruling on a jury instruction will not be disturbed absent an abuse of discretion. *Wilcox*, 458 N.W.2d at 873. We will not find an abuse of discretion unless it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* A court must grant a requested instruction which correctly states the rules of law, unless the concept is embodied in other instructions. *Hutchinson v. Broadlawns Medical Center*, 459 N.W.2d 273, 275 (Iowa 1990). "Parties are not, however, entitled to any particular instruction if the issue is adequately covered in other instructions." *Id.* "As long as the issues involved are adequately covered, the court may choose its. own language." *Id.*

The third paragraph of Jury Instruction No. 1 as submitted to the jury stated:

Muller contends the contract was for a set amount, that the contract has been breached by McIntire due to use of inappropriate materials, and defective construction, and that he has been damaged because of the breach of contract.

Muller argues this creates confusion by combining his defense to the open account claim and his counterclaim in a single paragraph. Muller further asserts this would prevent the jury from finding for him on his counterclaim if he lost on the open account claim. We disagree.

Instruction No. 1 is what is commonly referred to as a summary of the claims of the parties. The jury was specifically instructed not to consider the summary as proof of any of the claims. The jury was instructed to decide the facts from the evidence and apply the law as given by the court.

In addition, any potential confusion is corrected by subsequent instructions. Instruction No. 8 specifically sets out the elements McIntire must prove in order to recover on his claim of an open account. Instruction No. 11 specifically sets out the elements Mueller must prove to recover on his breach of contract claim. The jury instructions when taken as a whole establish the existence of two separate claims. Nowhere do the instructions make Mueller's ability to collect on his breach of contract claim contingent on his proving the contract for building the barn was for a set amount and not on a time and material or an open account.

In summary, we find the jury verdict is supported by substantial evidence and the separate claims are sufficiently established in the jury instructions.

Costs of appeal are assessed to the appellant.

**AFFIRMED.**