USCA1 Opinion

 

 August 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1486 JOHN J. DEFAZIO, JR., Plaintiff, Appellant, v. DELTA AIR LINES, INC. EDWARD KAHLER, EDWARD M. CHEROF, AND W. WHITT HAWKINS Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S.District Judge] __________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ George E. Kersey on brief for appellant. ________________ Wilfred J. Benoit Jr. and Goodwin, Procter & Hoar on brief for ______________________ ________________________ appellee. ____________________ ____________________ Per Curiam. We have reviewed carefully the record, the __________ district court opinion, and the parties' briefs in this case. We summarily affirm the district court judgment essentially for the reasons stated in its memorandum of decision dated March 29, 1994. See 1st Cir. Loc. R. 27.1. We add only the ___ following. Even if we assume that appellant properly raised before the district court a claim that he had been wrongfully terminated in violation of a state public policy against dismissal of an employee who has only been charged with a crime, we find no merit in the claim. The general rule in Massachusetts is that "[e]mployment at will is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all." Jackson v. _______ Action for Boston Community Development, Inc., 403 Mass. 8, _____________________________________________ 9, 525 N.E.2d 411, 412 (1988). Although a "public policy" exception to the employment at will doctrine exists, the exception is "interpreted . . . narrowly," King v. Driscoll, ____ ________ 1994 Mass. LEXIS 474, at 11 (Mass. Aug. 11, 1994), and requires a showing that the dismissal violated a "clearly established public policy," id. at 10. __ Appellant asserts that his dismissal violated the state policy which presumes an accused to be innocent until proven guilty. This presumption, however, serves to focus a jury on what a prosecutor must establish so as to obtain a conviction in a criminal case. Commonwealth v. Boyd, 367 Mass. 169, ________ ____________ ____ 188, 326 N.E.2d 320, 332 (1975) (emphasis added). It has no applicability in the employment context and, consequently, does not warrant invocation of the public policy exception. See Borschel v. City of Perry, 512 N.W.2d 565, 568 (Iowa ___ ________ ______________ 1994) (presumption of innocence "limited to criminal procedures" and is not "a public policy applicable in the employment context"); Cisco v. United Parcel Services, Inc., _____ ____________________________ 328 Pa. Super. 300, 476 A.2d 1340, 1344 (1984) (presumption of innocence applies to trial and is not "superimposed into an accused's remaining life experiences"); see also King, ___ ____ ____ supra, at 15 (statutory right "must relate to or arise from _____ the employee's status as an employee" to warrant invocation of public policy exception). Furthermore, although Massachusetts does not appear to have directly addressed the question of whether a dismissal of an employee on the basis of a mere accusation is a violation of public policy, other states which have addressed similar claims have held that such a dismissal is not a violation of public policy. See ___ Beery v. Maryland Medical Laboratory, Inc., 89 Md. App. 81, _____ _________________________________ 597 A.2d 516, 523 (1991) (firing based on fellow employee's unsubstantiated allegations does not "contravene any clear mandate of public policy"), cert. denied, 325 Md. 329, 600 ____ ______ A.2d 850 (1992); Cisco 476 A.2d at 1344 (rejecting public _____ policy claim based upon dismissal following criminal -3- accusation); Borschel, 512 N.W.2d (discharge after accusation ________ of sexual abuse not violation of public policy). We are aware of nothing which suggests that Massachusetts would decide otherwise. Appellee's request for sanctions is denied. The ______ judgment of the district court is affirmed. ________ -4-