[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-2224

ALBERT ROSELLE,

Plaintiff, Appellant,

v.

KEVIN J. FITZGERALD, FITZ-INN AUTO PARKS, INC.,
& BOSTON POLICE DEPARTMENT,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Damon Scarano on brief for appellant. 
John J. McArdle on brief for appellees Kevin J. Fitzgerald and 
Fitz-Inn Auto Parks, Inc.



May 8, 1997


Per Curiam. We have carefully reviewed the record, 

the district court opinion and the parties' briefs. We

summarily affirm the district court judgment essentially for

the reasons stated in its Memorandum and Order dated December

8, 1995. We add only the following comments.

Appellant argues that the termination of his employment

violated the state policy which presumes an accused to be

innocent until proven guilty. This presumption, however,

serves to focus a jury on what a prosecutor must establish so

as to obtain a conviction in a criminal case. Commonwealth v. 

Boyd, 367 Mass. 169, 188, 326 N.E.2d 320, 332 (1975). It has 

no applicability in the employment context and, consequently,

does not warrant invocation of the public policy exception to

the employment-at-will rule. See Borschel v. City of Perry, 

512 N.W.2d 565, 568 (Iowa 1994)(presumption of innocence

"limited to criminal procedures" and is not "a public policy

applicable in the employment context"); Cisco v. United 

Parcel Services, Inc., 328 Pa. Super. 300, 476 A.2d 1340, 

1344 (1984) (presumption of innocence applies to trial and is

not "superimposed into an accused's remaining life

experiences"); cf. King v. Driscoll, 418 Mass. 576, 584 

(1994)(statutory right "must relate to or arise from the

employee's status as an employee" to warrant invocation of

public policy exception).

-2-

The district court judgment dated December 11, 1995 is

affirmed. See Loc. R. 27.1. 

-3-