USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2224 ALBERT ROSELLE, Plaintiff, Appellant, v. KEVIN J. FITZGERALD, FITZ-INN AUTO PARKS, INC., & BOSTON POLICE DEPARTMENT, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Damon Scarano on brief for appellant. _____________ John J. McArdle on brief for appellees Kevin J. Fitzgerald and ________________ Fitz-Inn Auto Parks, Inc. ____________________ May 8, 1997 ____________________ Per Curiam. We have carefully reviewed the record, __________ the district court opinion and the parties' briefs. We summarily affirm the district court judgment essentially for the reasons stated in its Memorandum and Order dated December 8, 1995. We add only the following comments. Appellant argues that the termination of his employment violated the state policy which presumes an accused to be innocent until proven guilty. This presumption, however, serves to focus a jury on what a prosecutor must establish so as to obtain a conviction in a criminal case. Commonwealth v. ____________ Boyd, 367 Mass. 169, 188, 326 N.E.2d 320, 332 (1975). It has ____ no applicability in the employment context and, consequently, does not warrant invocation of the public policy exception to the employment-at-will rule. See Borschel v. City of Perry, ___ ________ _____________ 512 N.W.2d 565, 568 (Iowa 1994)(presumption of innocence "limited to criminal procedures" and is not "a public policy applicable in the employment context"); Cisco v. United _____ ______ Parcel Services, Inc., 328 Pa. Super. 300, 476 A.2d 1340, ______________________ 1344 (1984) (presumption of innocence applies to trial and is not "superimposed into an accused's remaining life experiences"); cf. King v. Driscoll, 418 Mass. 576, 584 ___ ____ ________ (1994)(statutory right "must relate to or arise from the employee's status as an employee" to warrant invocation of public policy exception). -2- The district court judgment dated December 11, 1995 is affirmed. See Loc. R. 27.1. ________ ___ -3-