# IN THE COURT OF APPEALS OF IOWA

No. 17-1690
Filed February 20, 2019

**QUALITY EGG, LLC,**
        Plaintiff-Appellant,

**vs.**

**HICKMAN'S EGG RANCH, INC.,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Wright County, Christopher C. Foy, Judge.

        Plaintiff appeals a jury verdict finding it was not entitled to recover from defendant on an open account. **REVERSED AND REMANDED.**

        G. A. Cady III and Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton, for appellant.

        Robert Malloy and Justin L. Sullivan of Malloy Law Firm, LLP, West Des Moines, for appellee.

        Heard by Vogel, C.J., Vaitheswaran, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

In 2002, Quality Egg, LLC (Quality Egg), entered into an oral contract with Hickman's Egg Ranch, Inc. (Hickman's) to sell eggs. In April 2008, Quality Egg received a check from Hickman's that it determined was "short pay." In March 2014, Quality Egg brought suit against Hickman's, asserting Hickman's was due and owing upon an open account. Hickman's responded by asserting various defenses. After a 2017 trial, the jury returned a verdict against Quality Egg's claim.[1] We find the admission of oral testimony by Hickman's did not violate the statute of frauds. However, we reverse and remand for a new trial based on the district court's failure to include jury instructions pertaining to Quality Egg's open-account claim.[2]

## I. Background Facts and Proceedings

Quality Egg,[3] an Iowa egg producer, sold shell eggs to Hickman's. The two companies entered into an oral contract in 2002, and the price for the eggs adjusted frequently using a pre-agreed formula involving the national Urner Barry Market. The business relationship continued smoothly until April 2008, when Quality Egg received a check from Hickman's it determined to be far short of the amount due on the account. The check included "pallet adjustments" as a credit to the amount Hickman's owed Quality Egg, and the adjustments were in the

---

[1] Hickman's also filed a counterclaim; the jury found against Hickman's, but Hickman's does not appeal that verdict.

[2] Quality Egg also asserts the district court should have granted its motion for directed verdict. However, we need not reach this issue because we reverse and remand for a new trial due to the failure to provide jury instructions on the open-account claim.

[3] Quality Egg owned the eggs produced at six facilities, including a facility that Hickman's believed was owned by Environ Egg Production, LLC (Environ). For purposes of this appeal, we will refer to Environ, owned by John Glessner, as Quality Egg.

amount of $579,126.39. Despite this billing discrepancy, the parties continued to do business together until 2011. On March 31, 2014, Quality Egg filed a petition against Hickman's seeking to recover the amount due on the account. The petition asserted Hickman's "purchased eggs from [Quality Egg] upon open account" and Hickman's was "presently due and owing upon said account." Hickman's filed an answer (and a counterclaim) on June 2, asserting it "purchased some eggs from [Quality Egg] pursuant to [an] oral contract; however [Hickman's] denies that [Quality Egg's] petition accurately reflects the transaction between the parties."

The first jury trial was held in May 2016, and judgment was entered in favor of Hickman's.[4] Quality Egg appealed to our court on an evidentiary issue, and we reversed and remanded for a new trial.[5] The second jury trial was held on October 3 to 6, 2017. The jury returned a verdict against Quality Egg's open-account claim, and Quality Egg appeals.

## II. Standard of Review

"The district court's ruling on a jury instruction will not be disturbed absent an abuse of discretion. We will not find an abuse of discretion unless it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *McIntire v. Muller*, 522 N.W.2d 329, 332 (Iowa Ct. App. 1994)

---

[4] The jury returned two verdicts in favor of Hickman's, one on its counterclaim for $31,322.97 and another on Quality Egg's claim. Judgment was entered against Quality Egg in the amount of $31,322.97. Quality Egg filed a motion for new trial and a motion for judgment notwithstanding verdict. The district court granted the motion for new trial, finding "it erred in granting [Hickman's] a directed verdict" on Quality Egg's short-pay claim, but it denied the motion for judgment notwithstanding verdict.

[5] Quality Egg appealed and challenged the admission of evidence concerning the alleged damages incurred by a customer of Hickman's. Our court found the evidence to be inadmissible and remanded for a new trial. *Quality Egg, L.L.C. v. Hickman's Egg Ranch*, No. 16-1403, 2017 WL 2182728, at *3 (Iowa Ct. App. May 17, 2017).

(citations omitted). In addition, "[w]e review a decision by the district court to admit oral evidence of a contract under an exception to the statute of frauds for corrections of errors at law." *Kolkman v. Roth*, 656 N.W.2d 148, 151 (Iowa 2003).

### III. Jury Instructions

Quality Egg asserts the district court failed to instruct the jury on an open account, depriving the jury of the ability to decide the specific elements of its open-account claim. It claims such failure is reversible error because the only instructions given were as to a breach of contract—appropriate only for the totally separate counterclaim of Hickman's. Hickman's responds that instructing the jury on an open account was unnecessary, as the "factors for an open account and breach of contract [are] nearly identical."

> Parties to lawsuits are entitled to have their legal theories submitted to a jury if they are supported by the pleadings and substantial evidence in the record. Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions.

*Sonnek v. Warren*, 522 N.W.2d 45, 47 (Iowa 1994) (internal citations omitted). "Parties are not, however, entitled to any particular instruction if the issue is adequately covered in other instructions." *Hutchinson v. Broadlawns Med. Ctr.*, 459 N.W.2d 273, 275 (Iowa 1990). "Jury instructions are to be considered as a whole and, as long as the jury has not been misled, there is no reversible error." *Wilcox v. Hy-Vee Food Stores, Inc.*, 458 N.W.2d 870, 872 (Iowa Ct. App. 1990).

In Quality Egg's petition, it asserted Hickman's "purchased eggs from [Quality Egg] upon [an] open account," and Hickman's was "presently due and

owing upon said account the sum of $1,281,615.71 as of May 25, 2011."[6]  During the 2017 jury trial, Hickman's moved for a directed verdict, but the district court denied the motion, finding sufficient evidence to allow Quality Egg's short-pay claim to be submitted to the jury.  The district court stated "a reasonable juror could conclude that at the time of the short pay in April of 2008 there was an open account between the parties," thus, "the court intends to submit [Quality Egg's] claim for the short pay to the jury."  Furthermore, throughout the trial, Quality Egg presented evidence to establish its claim based on an open account.  After its presentation of evidence, Quality Egg requested multiple jury instructions that specifically pertained to an open account.  The first and second proposed instructions defined "account" and "continuous account."  The third proposed instruction laid out Quality Egg's burden of proof:

> Plaintiff, Quality Egg, LLC claims that the Defendant [owes] money on an account.
> In order for Plaintiff to recover on an account Plaintiff must prove all of the following propositions:
> 1. That the Defendant purchased eggs from the Plaintiff.
> 2. The fair and reasonable value of the products provided.
> 3. The balance due upon the account.
> 4. That Plaintiff is the owner and holder of said account.
> If the plaintiff has failed to prove any of these propositions, the Plaintiff is not entitled to recover.  In the event the Plaintiff has proved all of the propositions, you will need to determine the amount owing to Plaintiff upon the account.

---

[6] After the May 2016 jury trial, the district court found "[t]he evidence showed that the parties were engaged in an ongoing series of transactions for the sale and purchase of shell eggs" and "the evidence showed that an open and continuous account existed between the parties at the time of the short pay."  The district court also stated the new trial was to "be limited to the claim that [Quality Egg] has asserted for a money judgment against [Hickman's] in the amount of $579,126.38 based on eggs sold between Thanksgiving 2007 and Easter 2008."

The instructions that were ultimately presented to the jury did not include the term "account" but rather stated Quality Egg's burden of proof as:

> To recover on its claim against Defendant for breach of contract, Plaintiff must prove all of the following propositions:
> 1. The existence of a contract with Defendant.
> 2. The terms of the contract.
> 3. Defendant has breached the contract.
> 4. The amount of any damage that the breach of Defendant has caused.
> If Plaintiff has failed to prove any of these propositions, it is not entitled to recover on its breach of contract claim against Defendant. If Plaintiff has proved all of these propositions, then you will determine the amount of damages to which it is entitled to recover from Defendant . . . .

In defending the district court's instructions, Hickman's claims this instruction "summarized the claims by both parties" and the "factors for an open account and breach of contract [are] nearly identical." Hickman's cites to *McIntire v. Muller* to support the instruction. 522 N.W.2d at 332. In *McIntire*, the appellant argued the jury was confused by an instruction that combined the appellee's open-account claim and the appellant's breach-of-contract counterclaim. *Id.* Our court found "the separate claims [were] sufficiently established in the jury instructions" and "any potential confusion [was] corrected by subsequent instructions." *Id.* However, here the instructions given never mentioned an open account and no other jury instruction discussed an open account in any way. As the plaintiff, it was Quality Egg's burden to prove its claim of money due on an open account—not to disprove an assertion from Hickman's of an amended oral contract. Without the requested instructions, the jury was unable to render a verdict on Quality Egg's claim. We therefore reverse and remand for a new trial limited to Quality Egg's open-account claim. *See Wilcox*, 458 N.W.2d at 872.

**IV. Admission of Testimony Under the Statute of Frauds**

Because on retrial the issue as to whether the contract between the parties was modified, we address the admission of testimony under the statute of frauds. Quality Egg argues the district court erred in admitting testimony to establish a second or modified oral contract between the parties existing from approximately December 1, 2007, to March 31, 2008. Specifically, Quality Egg asserts the "oral testimony in support of [a] second contract . . . violates the statute of frauds." Hickman's claims the testimony was properly admitted because there was written correspondence, checks, and credit statements between the parties to support the oral contract, and Quality Egg never disputed the amended contract during the course of the transactions.[7]

The Iowa Code states,

Except as otherwise provided in [Iowa Code section 554.2201 (2007)] a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by that party's authorized agent or broker.

---

[7] Hickman's also assets Quality Egg failed to preserve error on this issue because it failed to object to the written confirmations of the oral contract, which included Exhibits B through F. "Objections should be directed at evidence, other than the testimony of the party against whom enforcement of the contract is sought, when that evidence is intended to establish a contract. Those objections should indicate that the contract is unenforceable under [Iowa Code] section 554.2201." *Bahnsen v. Rabe*, 276 N.W.2d 413, 415 (Iowa 1979). Through its reply brief and oral argument, Quality Egg asserts there is no evidence in the record to indicate whether Exhibit D was provided to Quality Egg prior to trial. However, Exhibits B through F, offered by Hickman's, were admitted at trial without objection by Quality Egg. Moreover, although Quality Egg did object to the admission of the testimony regarding a modification to the parties' contract, it argues on appeal that the emails, absent the testimony, merely show a proposed agreement.

Iowa Code § 554.2201(1).  One exception to this provision is in subsection two, which states:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection 1 against such party unless written notice of objection to its contents is given within ten days after it is received.

*Id.* § 554.2201(2).  Under this exception, "a writing is still required, but it does not need to be signed by the party against whom the contract is sought to be enforced."[8]  *St. Ansgar Mills, Inc. v. Streit*, 613 N.W.2d 289, 294 (Iowa 2000).

Defending Quality Egg's suit on the open account required Hickman's to prove a new agreement had been reached that temporarily adjusted the normal pricing.  *See* Iowa Code § 554.2201(2); *see also McCubbin Seed Farm, Inc. v. Tri-Mor Sales, Inc.*, 257 N.W.2d 55, 58–59 (Iowa 1977) ("We deem the proper rule to be that although [Iowa Code section 554.2201(2)] will take from the recipient the defense of the statute of frauds, the party claiming a contract must prove it.").  With writings entered into the record to support Hickman's allegation of a modified oral contract, the statute of frauds was not violated, and the district court did not err in admitting such testimony.

---

[8] A comment to Uniform Commercial Code section 2-201, which is almost identical to Iowa Code section 554.2201, provides additional guidance:
> Between merchants, failure to answer a written confirmation of a contract within ten days of receipt is tantamount to a writing under subsection (2) and is sufficient against both parties under subsection (1). . . .  [T]he burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected.

U.C.C. § 2-201 cmt. 3 (Am. Law Inst. 2017).

### V. Conclusion

We conclude the jury instructions were insufficient. Because Quality Egg pled and presented its case-in-chief seeking a judgment on an open account, the lack of instructions to the jury on this claim is reversible error. Therefore, we reverse and remand for a new trial limited to Quality Egg's open-account claim.

**REVERSED AND REMANDED.**