Donald R. PORTER and the Don Porter Corp., an Iowa Corporation, Appellants,

v.

PIONEER HI–BRED INTERNATIONAL, INC., An Iowa Corporation, Appellee.

No. 91–1866.

Supreme Court of Iowa.

March 24, 1993.

James F. Fowler of Wilson, Fowler & Fusco, Indianola, for appellants.

Mark F. Schlenker of Hall and Schlenker, Indianola, Beverly A. Clark, Des Moines,

and Brian L. Campbell of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

LARSON, Justice.

Beginning in 1963, Donald R. Porter and Donald Porter Corp. (Porter) were engaged as sales representatives of Pioneer Hi-Bred International, Inc. Porter's relationship was terminated in 1986, and this suit followed. Porter alleged termination without good cause and without notice, breach of an express or implied contract, breach of an implied contract of good faith and fair dealing, estoppel, wrongful termination, slander, interference with business relationships, and outrageous conduct. The district court granted summary judgment against Porter on each of the grounds alleged, and we affirm.

On appeal, Porter has limited the scope of his case. He now argues that the termination (1) was without good cause, (2) was without reasonable notice, and (3) breached an implied covenant of good faith and fair dealing.

I. *The Good–Cause Argument.*

■ Porter concedes that there is no express contract provision requiring good cause for termination. The original letter confirming the agency arrangement in 1963 made it clear that Porter's relationship was terminable at will. It stated in part:

We reserve the right to terminate the arrangement with you by giving ten days written notice to you. If you wish to quit selling Pioneer seed corn at any time, you may do so, but we will appreciate a written notice.

This provision has never been modified or repealed by any subsequent writings. Nevertheless, Porter claims that a subsequent course of conduct by Pioneer established such a good-cause requirement by implication. See *French v. Foods, Inc.,* 495 N.W.2d 768, 770 (Iowa 1993).

He candidly admits that he cannot point to any specific incidents, statements, or conduct on the part of Pioneer that caused him to believe that he could be terminated only for good cause. He states only that he had such a belief. He points to two interoffice memoranda that, he says, support a finding that termination required good cause. But, it is clear he did not rely on these memoranda during his relationship with Pioneer because they were not even known to him until after the present lawsuit was filed. They came to light then in the course of discovery.

To establish an implied agreement of continued employment in the analogous area of *employment* contracts, we have held that the plaintiff must produce evidence of mutual assent. *French,* 495 N.W.2d at 771. That requirement is lacking here. When the summary judgment record is viewed in the light most favorable to Porter, we agree with the district court that he has failed to identify a genuine issue of material fact on the implied-contract theory. This disposes of his first two issues.

II. *The Implied–Covenant Argument.*

■ Porter also relies on a theory of implied covenant of good faith and fair dealing. We have consistently rejected that theory in employment contract cases. *See, e.g., French,* 495 N.W.2d at 771; *Fogel v. Board of Trustees of Iowa College,* 446 N.W.2d 451, 456–57 (Iowa 1989). For the same reasons that we have rejected this theory in employment contexts, we reject it here. The district court was correct in entering summary judgment on this claim as well.

AFFIRMED.