29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Paul X. RASMUSSEN, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellee.
 No. 93-3907.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: July 8, 1994.
 
 N.D.Iowa
 AFFIRMED
 BEFORE: WOLLMAN, Circuit Judge, and F. GIBSON and WELLFORD,* Senior Circuit Judges.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 In March of 1980, the plaintiff, Paul Rasmussen ("Rasmussen"), entered into an employment agreement with Rockwell International Corporation ("Rockwell"). This agreement states, in pertinent part, that "nothing contained herein shall in anyway limit or restrict the right of the Company to terminate the employee's employment at any time with or without cause." In the spring of 1988, Rasmussen was promoted to engineering assistant. At the time, Rasmussen maintains that he was led to believe by his supervisor that as an engineering assistant the work on a new project would require the same skills he already possessed, and that the new position would last at least four years. He claims, however, that Rockwell made demands in his new position that went beyond this experience and training. In 1990, Rasmussen's employment was terminated in a reduction in force and he filed this action approximately nine months later. Rockwell moved for summary judgment based on the disclaimer stated above, and also moved to dismiss other counts based upon alleged age discrimination.
 
 
 2
 The district court granted Rockwell's motion for summary judgment, holding as a matter of law that Rasmussen was an "at-will" employee and that the expectations stated in his affidavit were not sufficient to create a jury question on his contract claim. All remaining counts of the complaint were dismissed with prejudice by agreement of the parties. Rasmussen, however, reserved the right to appeal the district court's grant of summary judgment based on the breach of contract claim. The sole issue on appeal is whether the district court's grant of summary judgment based on the disclaimer, recognizing that Rasmussen was an "at-will" employee, was proper.
 
 
 3
 Because this is a diversity action involving an Iowa contract, we look to Iowa law as controlling in this case. We conclude that under Iowa law, the employment agreement at issue established an "at-will" employment relationship and we therefore AFFIRM.
 
 
 4
 Rasmussen argues, however, that his status changed when he was promoted in 1988. He maintains that the employment agreement did not limit or prohibit an oral modification of the employment relationship. See Janda v. Iowa Industrial Hydraulics, Inc., 326 N.W.2d 339 (Iowa 1982); Moody v. Bogue, 310 N.W.2d 655, 660-61 (Iowa Ct. App. 1981). These cases, relied upon by the plaintiff, involve oral contracts, not a written agreement specifying an "at-will" relationship. Janda and Moody are readily distinguishable. In Snater v. Walters, 98 N.W.2d 302, 307 (Iowa 1959), moreover, the Iowa Supreme Court made it clear that there could be no implied contract conflicting with an issue or point expressly covered in a written agreement between the same parties. This circuit adhered to this Snater principle in Budget Marketing, Inc. v. Centronics Corp., 927 F.2d 421 (8th Cir. 1991).
 
 
 5
 Whether a written "at-will" employment contract can be modified by the alleged oral statement of a supervisor is a question of law. The plaintiff suggests that because he had a conversation with a supervisor in which the supervisor indicated that the project to which he would be assigned would last from four to eight years was sufficient to modify the written contract, thus creating for him a new contract of employment for a term of years. The district court held that this conversation, even if relied upon by Rasmussen, did not alter or modify the underlying employment agreement, which clearly stated that Rasmussen's employment was "at- will." We find no error in this conclusion based upon Iowa law.
 
 
 6
 Several very recent Iowa cases confirm our conclusion that the district court did not err in granting the defendant summary judgment. Borschel v. City of Perry, 512 N.W.2d 565 (Iowa 1994), reiterates that
 
 
 7
 As a general rule an at-will employee may be discharged at any time, for any reason, or for no reason at all. French v. Foods, Inc., 495 N.W.2d 768, 769 (Iowa 1993).... Iowa has not recognized an implied good faith and fair dealing exception to the at-will doctrine. Porter v. Pioneer Hi-Bred Int'l, Inc., 497 N.W.2d 870, 871 (Iowa 1993).
 
 
 8
 Id. at 566. French states flatly that the above principles are "firmly ingrained in Iowa law." 495 N.W.2d at 769. That latter case suggests, moreover, that no amendment to the type of agreement here involved may be effective unless "made by officers of the corporation." Id. at 770.
 
 
 9
 We AFFIRM the judgment of the district court, accordingly.